## Peter Wright v. Charles P. Russell et al.

*Justice's docket : Presumption of regularity.* Where a Justice's docket shows that a defendant appeared for the purpose of objecting to the jurisdiction, and that the Justice proceeded to the hearing of the case on the merits, such action is equivalent to a decision of the motion.

*Justices' judgments : Special appeals.* A party taking a special appeal from the judgment of a Justice of the Peace under § 3,836 Comp. Laws is not confined in the appellate court to objections actually made before the justice ; it is sufficient if his objections be set forth in the affidavit. If the objection be one that goes to the jurisdiction, a defendant is not obliged to appear before the Justice to make it. It is as competent to bring it before the Circuit Court by special appeal as by certiorari.

*Justices' Courts : Proceedings by attachment.* It is error for a Justice of the Peace to render judgment in an attachment suit within thirty days from the return day of the process, in a case where the defendant was not personally served and did not appear and request a trial. An appearance specially, to object to the jurisdiction, is not such an appearance as will authorize the Justice to proceed to judgment before the expiration of the thirty days.

*Heard October 23. Decided October 26.*

Error to Kalamazoo Circuit.

This cause was brought into the Circuit Court for the County of Kalamazoo by special appeal from the judgment of a Justice of the Peace. The objections to the proceeding before the Justice, specially alleged in the affidavit are stated thus: " and further the deponent says the said de-

fendants did not appear in said cause, and that there was no personal service of the process therein on either of said defendants, and that said suit was commenced by attachment and said judgment was rendered before the expiration of 30 days from the return day of such attachment, and that there was no return showing a legal service."

The Justice certifies by a transcript from his docket that "the suit was commenced by an attachment March 30, 1867, returnable the 9th day of April, in which the plaintiff complains of the defendants in a plea of trespass on the case. J. L. Hawes appears specially for defendants for the purpose of moving the Court to dismiss the writ of attachment: 1. The affidavit is not sufficient to authorize the issuing of said writ. 2. There is no return showing a proper service on either defendant, no property inventory returned. The cause was adjourned to the 19th of April at one o'clock in the afternoon.

"19th. The plaintiff appeared and no defendant, and after hearing the testimony of the plaintiff, judgment was rendered in favor of the plaintiff and against the defendants for the sum of two hundred and forty-three dollars and forty-three cents damages, and six dollars costs of suit ;" and in response to an order of the Court for a further return—" that there was no appearance in said cause before me by either of said defendants, but Charles P. Russell was here on the return day but took no part in the cause. J. L. Hawes appeared specially for the defendants on the return day and answered when the cause was called."

The Circuit Court reversed the judgment rendered by the Justice, and the cause comes before this Court by writ of error.

*S. Stafford* and *H. C. Briggs*, for plaintiff in error.

*J. L. Hawes*, for defendants in error.

COOLEY CH. J.

The plaintiff prosecuted the defendants before a Justice of the Peace, commencing his suit by attachment. The process was not personally served, and on the return day the defendants appeared specially by attorney for the purpose of moving the Court to dismiss the writ for want of a proper affidavit, and also because of defective service and return.

It is not distinctly stated in the record that this motion was made, or if it was, what decision was made upon it. It appears, however, that the Justice continued the case for ten days, and on the adjourned day the defendants not appearing, he rendered judgment against them for an amount considerably larger than the plaintiff had claimed in his affidavit. The defendants thereupon appealed specially, assigning as grounds of error in their affidavit " that said defendants did not appear in said cause, and that there was no personal service of process therein on either of the said defendants, and that said suit was commenced by attachment, and said judgment was rendered before the expiration of thirty days from the return day of such attachment, and that there was no return showing a legal service." Upon these objections the Circuit Court reversed the judgment.

The plaintiff in error insists that the affidavit made out no case for a special appeal, and that consequently the Circuit Court had no power to reverse the judgment, but should have treated it as a general appeal, and allowed the plaintiff to go to a trial on the merits. The particular objection is, that it does not appear, either by the affidavit for the appeal, or by the return thereto, that any objection was made by the defendant before the Justice or any decision by him, and consequently there was nothing to bring up by special appeal under the statute applicable to that subject.

WRIGHT *v*. RUSSELL ET AL.

The statute—*Comp. L.*, § *3,836*—provides that "in case there shall be any objection to the process, pleadings or other proceedings, and the decision of the Justice thereon, which would not be allowed to be made on the trial of the appeal, the same may be set forth specifically in the affidavit."

The plaintiff construes this statute to permit those objections only to be brought up in this mode which were actually made before the Justice and passed upon by him. If this were the true construction, we should still think the affidavit sufficient in the present case. The record shows that defendants appeared before the Justice for the sole purpose of making certain objections to the jurisdiction. It does not state that the motion was made, but this, we think, is fairly inferable. We must view the entries of proceedings of Justices of the Peace with more liberality than those of Courts of Record, and cannot reasonably demand that accurate statement of the several steps in a cause, which is supposed to be found in the journals of the higher courts.

The statement that the defendants appeared for the purpose of making a particular motion, is idle unless we are to understand that that motion was actually made by them. We think that is what was meant by the Justice by his entry. And we think also that when he disregarded the motion and proceeded to a hearing of the cause, that action was equivalent to a decision that the motion was not well founded.

But we do not understand the statute as confining the party taking a special appeal to the objections actually made before the Justice. The statute says, "if there shall be any objection," etc., "which would not be allowed to be made on the trial of the appeal," it may be taken in this mode. We understand this to mean only that the party may set forth in his affidavit any such objection which may exist; and this whether he made it

before the Justice or not. If the objection is one which goes to the jurisdiction, a defendant is not obliged to appear before the Justice for the purpose of making it, and it is as competent for him to bring it before the Circuit Court by special appeal, as by certiorari. We think such a case is clearly within both the words of the statute and its intention.

Assuming the appeal to have been properly taken as a special appeal, the question still remains, whether the Circuit Court was correct in its decision upon the question of jurisdiction. The particular objection to the action of the Justice was, that he rendered judgment in an attachment case, where personal service was not had, before the expiration of thirty days from the return day of the writ.

The statute—Comp. L. § 3,685—provides that "if the attachment shall not be personally served upon any of the defendants, and none of the defendants shall appear on the return day thereof, the Justice shall continue the cause for not less than thirty and not exceeding ninety days, and in such case no hearing shall be had or judgment rendered thereon, until the expiration of that time, unless the defendant shall sooner appear and request a trial; in which case the Justice shall appoint a day for the trial of such suit, and cause notice thereof to be given to the plaintiff."

As there was no personal service, and judgment was actually rendered ten days from the return day, there can be no ground upon which the judgment can be sustained, unless we hold the appearance of the defendants by attorney, for the purpose of objecting to the jurisdiction, as such an appearance as this statute contemplates. But it is very certain, we think, that we cannot do this. The statute means evidently a general appearance for the purposes of a trial,—such an one as would waive a want of proper service of process—and not a special appearance to object to the

jurisdiction to try. We think the ruling of the Circuit Court was correct in this particular, and that the judgment must be affirmed with costs.

The other Justices concurred.