## SILAS LYMBURNER v. JOHN JENKINSON.

*Special appeal from justice's court—Error of fact—Service of summons—Assignment of error.*

*It seems* that a special appeal from a justice is not the proper proceeding for reviewing errors of fact; as where the error assigned was that the constable's return of personal service was false and the justice, in his return to the special appeal, stated that it was in due form and he had not known of any untruthfulness in it. But where this error was brought up by special appeal, and the case was submitted on the affidavit for the appeal and the return thereto, it was proper to overrule the special appeal and order the case to stand for hearing on the merits.

The affidavit for a special appeal from a justice's court is to bring the case into the circuit court and indicate the questions for consideration there, and it is not evidence for any other purpose than to secure a return.

Special assignments of error on a justice's judgment generally stand disproved if the return to the appeal shows a judgment apparently correct.

Mere irregularities cannot be assigned as error where the party relying upon them, while declining to take part in the trial below and consenting to nothing, nevertheless watched the proceedings and did not point out the irregularities at the time they were committed.

A special appeal for want of due service of summons will not be favored where the summons was actually brought to respondent's attention in due season.

Presumptions support judicial action.

*It seems* to be error to render distinct judgments for damages and costs on the merits, and for costs on special appeal.

Errors not assigned are not noticed.

Error to St. Clair.    (Stevens, J.)    April 25.—April 27.

Assumpsit.    Defendant brings error.    Affirmed.

*B. C. Farrand* and *Wm. T. Mitchell* for appellant. Errors of fact can be raised on special appeal : *Harvey v. Rickett* 15 Johns. 87 ; *Fitch v. Devlin* 15 Barb. 47 ; *N. Y. &*

*E. R. R. v. Purdy* 18 Barb. 574; *Teller v. Wetherell* 6 Mich. 47.

*Chadwick & Cline* for appellee.

COOLEY, J.   This case originated in justice's court, and was begun by summons, which was returned personally served.   The defendant did not appear on the return-day, and the plaintiff proved his case and took judgment.   The defendant took a special appeal to the circuit court, and assigned in his affidavit as reason therefor that the officer's return of personal service was false ; that "the only service made of said summons by the constable who had returned the same was made by leaving with the clerk of deponent at deponent's office, in the absence of deponent, what purported to be a copy of summons in said cause, and deponent did not appear in said cause."   The justice made return to the appeal and in answer to the error assigned stated that the officer's return of service was in due form, and that he was not aware of any untruthfulness in it.   Thus the error assigned appears to be an error in fact.   When the case was called for hearing in the circuit court, it seems to have been submitted on the affidavit and return, and the circuit judge overruled the special appeal, and ordered the case to stand for hearing on the merits.   This order is the first error assigned in this Court.

It is contended on the part of the plaintiff that a special appeal is not adapted for the trial of errors of fact, and is not provided for such errors.   The statute respecting such appeals provides that "in case there shall be any objection to the process, pleadings, or other proceedings, and the decision of the justice thereon, which would not be allowed to be made on the trial of the appeal, the same may be set forth specifically in the affidavit" (Comp. L. § 5432) and the justice is required to return "copies of all processes, returns, pleadings, and affidavits upon which any process issued or motion was made, and so much of the evidence and proceedings as may be necessary fully to exhibit the questions, motions, and decisions made and presented in such cause."

The inference is very strong from this language that a special appeal is to reach only the decisions actually made by the justice, or which are necessarily involved in his action ; and such was the view expressed by Mr. Justice Christiancy in *Chappee v. Thomas* 5 Mich. 53, 57.  See *Wright v. Russell* 19 Mich. 346.  If this is correct, an error in fact must be rectified by some other process.  But whether this is so or not is immaterial now.  The special appeal appears to have been submitted to the circuit judge on the justice's return, upon a claim, apparently, that the affidavit for appeal proved the fact alleged until disproved.  But there is no foundation for any such claim.  The purpose of the affidavit is to bring the case into the circuit court, and to indicate the questions for consideration in that court, and it is not evidence of the facts recited for any other purpose than to secure a return.  If the return, when made, shows a judgment apparently correct, the general rule is that all special assignments of error stand disproved ; and if assignments of error of fact are admissible, the rule must be the same, at least to this extent ; that the burden of showing error when it does not appear by the return must be upon the party alleging it.  The affidavit does not prove it, and when the case is submitted upon the affidavit and the return, there is no alternative but to do what the judge in this case did,— overrule the special assignments of error, and direct the case to stand for trial on the merits.

When this order was made the defendant refused to take part in the subsequent proceedings, and a jury was called who heard evidence and assessed the plaintiff's damages. The trial by jury is now assigned for error.  But the defendant was present in court by his attorney and took no objection.  He was simply standing by and watching the proceedings, consenting to nothing, but pointing out no errors. We cannot permit him to point out mere irregularities now. They should have been brought to the attention of the court at the time, in order that the judge might avoid or obviate them.  And this leads us to remark that the defendant has apparently been pursuing the same policy all the way

through. He does not pretend in his affidavit for appeal that the summons served upon his clerk was not brought to his attention in due season; and if it was, and he failed to object to the service in the justice's court, his appeal was entitled to no favor. If parties take appeals for the correction of faults which can be easily and inexpensively corrected without them, they will be entitled in the appellate court to demand nothing that they do not show an unquestionable right to; and all just intendments will favor the correctness of judicial action.

The only substantial error appearing in this record is that the circuit court rendered two distinct judgments; one for costs on the special appeal, as if that were a distinct suit by itself, and another for damages and costs on the merits. But no'error is assigned upon this, and the case will stand affirmed, with costs to the plaintiff.

The other Justices concurred.