JOHN V. ROSEVELT v. JOHN HANOLD.

*Justices of the peace — Jurisdiction — Double damages — Special appeal.*

1. Plaintiff sued defendant in justice's court for negligently setting a fire which spread to plaintiff's premises, damaging him $100, and claimed in his declaration double damages under How. Stat. § 9402. The jury found in his favor, and assessed his *actual* damages at $100, which sum on his motion was *doubled* by the justice, against defendant's objection that the jurisdiction of the court was limited by statute to $100, and that *that* was the sum claimed in the *ad damnum* clause of the declaration.

   *Held*, that the *ad damnum* clause, which claimed $100 damages, with the right to double same, was sufficient; and that the $100 added by the justice was in the nature of a penalty, and might be added to the *actual* damages in the same manner as costs, by consent or on motion of plaintiff.

2. A question affecting the jurisdiction of a justice of the peace to render a judgment may as well be raised by special appeal as in any other manner.

Error to Van Buren. (Mills, J.) Argued February 9, 1887. Decided April 14, 1887.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Annable & Fitch*, for appellant.

*Spafford Tryon* and *O. N. Hilton*, for plaintiff.

SHERWOOD, J. The parties in this case owned adjoining lands in the county of Van Buren.

The declaration charges that the defendant negligently set fire upon his premises next to and adjoining the wood-land of the plaintiff, and carelessly and negligently allowed the same to escape to the premises of the plaintiff, and thereby destroyed a large amount of rails and timber belonging to the

plaintiff, to his damage $100.   There was also a count in the declaration claiming double damages under the provisions of the statute in such case provided.

The defendant pleaded the general issue.

The cause was commenced in justice's court, and tried by jury, and the plaintiff obtained a verdict for $100, which was doubled by the justice, and a judgment rendered therefor.   When the motion of plaintiff for the entry of double damages was made by the plaintiff, counsel for defendant objected, for the reason that the action was for a wrong, and the amount was beyond the *ad damnum* in the declaration, and in excess of the jurisdiction of the court.   The objection was overruled, and judgment rendered as before stated. From the judgment the defendant took a special appeal, relying entirely upon the objection stated to reverse the judgment.   The cause was argued before Judge Mills in the Van Buren circuit, and the judgment rendered by the justice was affirmed.   Defendant now asks a review in this Court.

We think the *ad damnum* was sufficient.   It stated the plaintiff's damages at the sum of $100, and his right to have that sum doubled by reason of the statute provision relating thereto.   The added $100 is in the nature of a penalty, and may be added to the actual damages in the same manner as costs.   Costs are given to the prevailing parties in actions for wrong in justices' court, and they become a part of the judgment when taxed, even though in excess of the $100; but in neither case can the justice add these sums without the consent of the party entitled to them, or upon his motion therefor; and I think counsel for defendant would not contend that such judgment would be in excess of the jurisdiction of the court.

Within the limitation established by the Constitution, the Legislature fixes the jurisdiction of the court.   The act which authorizes the added damages is no more controlling than the act which fixes them, and both must be read and con

strued together in ascertaining the jurisdiction of the court. It is the amount that the justice or the jury are allowed to adjudicate that determines the jurisdiction. When this is done, the statute adds the penalty in this class of cases, provided it is desired by the plaintiff. If the actual damages are beyond those limited to justices of the peace to try, then the court was without jurisdiction; but that was not this case.

The only question being jurisdictional, it was as well raised upon special appeal as in any other manner. *Wright v. Russell*, 19 Mich. 346; *Deitz v. Groesbeck*, 33 Id. 303; *Fowler v. Hyland*, 48 Id. 179; *Seager v. Shutts*, 53 Id. 117. The judgment was either valid or void. The case was put in proper shape to be heard, and we think the justice committed no error in hearing it, or in the disposition he made of it.

The judgment must therefore be affirmed, with costs of all the courts.

The other Justices concurred.