ALLEN v. BAINBRIDGE.

1. NEGLIGENCE—FIRES—CARE REQUIRED.

In an action for damages sustained by reason of fire being neg-
ligently permitted to escape from defendant's premises, in-
structions examined, and *held*, to properly state the degree of
care required of one setting out fires and in controlling them.

2. SAME—DOUBLE DAMAGES.

In an action for double damages for negligent fire under sec-
tion 11653, 3 Comp. Laws, the court properly doubles, and
renders judgment for double, the actual damages found by
the jury.

3. EMINENT DOMAIN — TAKING WITHOUT COMPENSATION — DOUBLE
DAMAGES—CONSTITUTIONAL LAW—NEGLIGENT FIRES.

Section 11653, 3 Comp. Laws, providing double damages for in-
jury from negligent fire, is not unconstitutional as taking the
.property of one person and giving it to another without com-
pensation, but is a mere recognition of the right to compensa-
tion for an injury.

4. CONSTITUTIONAL LAW—UNUSUAL PUNISHMENT — FIRE — NEGLI-
GENCE—DOUBLE DAMAGES.

Section 11653, 3 Comp. Laws, providing double damages for in-
jury from negligent fire, is not unconstitutional as inflicting
unusual punishment.

5. STATUTES—IMPLIED REPEAL — NEGLIGENCE — FIRES — DOUBLE
DAMAGES.

Section 11653, 3 Comp. Laws, providing double damages for in-
jury from negligent fire, is not repealed by Act No. 249, Pub.
Acts 1903, providing for the preservation of the forests of the
State and for the prevention and suppression of forest and
prairie fires, notwithstanding it repeals all inconsistent acts
and parts of acts, it expressly providing that nothing therein
shall be construed as affecting any right of action for dam-
ages.

Error to Chippewa; Steere, J.   Submitted June 6, 1906.
(Docket No. 27.)   Decided July 23, 1906.

Case by John D. Allen against Jacob Bainbridge for
damages done by fire.   There was judgment for plaintiff

for double the amount of damages under section 11653, 3 Comp. Laws, and defendant brings error.    Affirmed.

*Lanning & McMahon,* for appellant.

*Doig & Doig,* for appellee.

MOORE, J.    This action was brought for the recovery of damages sustained by the plaintiff by the burning of a barn and other property belonging to him, by fire which passed from the premises of the defendant to those of the plaintiff.    The plaintiff recovered a verdict and judgment. The case is brought here by writ of error.

It was the claim of plaintiff that defendant, without taking any precautions to control the fire, set one out on the premises adjoining to his at a time when it was not reasonably prudent to do so, and negligently permitted it to escape to the premises of the plaintiff.    The defendant claims that the damage was occasioned by the springing up suddenly of a strong wind, and for that reason he is not liable.    Each party gave testimony tending to support his theory of the case.

Error is assigned because the judge did not give defendant's second and third requests to charge.    These requests referred to the subject of defendant's negligence. They were not correct statements of the law.    The judge charged the jury:

" Taking up the question of negligence it is said to be a failure on the part of a person to observe, for the protection of another's interest, such care and precaution and vigilance as the circumstances justly demand, and the want of which causes the injury.    And so it was the duty of Mr. Bainbridge, while setting fire and burning rubbish on his own premises, to exercise the usual precaution which a prudent man, under like circumstances, having a knowledge of the facts as they existed, and knowing the danger, would and should exercise and use.    Now that is a question of fact for the jury.    In passing upon that you are to take into consideration all the facts and circumstances proven, the place where the fires were set, the extent of the fires, the nature of the material which the fires were set in, and which they were liable to reach, the

condition and force of the wind, the proximity of the premises of his neighbors, and of the buildings of his neighbors, and of the combustible material around them; all those are questions for you. Whether or not it was careless under the circumstances to set this fire and to allow it to escape as it did, is a question which the court cannot decide, and which the jury are called upon to decide. The burden of proof in this case upon those issues is upon the plaintiff. In order to recover the plaintiff must satisfy you by a preponderance of evidence that this fire was negligently allowed to escape from the premises of Mr. Bainbridge to the premises of the plaintiff, and must satisfy you by a preponderance of evidence, if there was negligence, and if you come to that question, what damages were suffered."

This charge properly presented that phase of the case. See *Richter* v. *Harper*, 95 Mich. 221, and cases cited; *Bolton* v. *Calkins*, 102 Mich. 69; *Brown* v. *Brooks*, 85 Wis. 290 (21 L. R. A. 255).

Error is assigned because the court doubled the damages found by the jury, counsel insisting this was a matter of discretion, and as the defendant intended no harm, the judge should not have doubled the damages. Section 11653, 3 Comp. Laws, reads:

"Every person who shall willfully or negligently set fire to any woods, prairies, or grounds not his own property, or shall willfully or negligently permit any fire to pass from his own woods, prairies, or grounds, to the injury or destruction of the property of any other person, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be punished by a fine not exceeding one thousand dollars, or by imprisonment in the county jail not exceeding one year, or both, in the discretion of the court; and shall also be liable to the party injured in double the amount of damages sustained."

This statute was construed in *Rosevelt* v. *Hanold*, 65 Mich. 414, and a similar statute in *Swift* v. *Applebone*, 23 Mich. 252; *Trompen* v. *Verhage*, 54 Mich. 304; and *Fye* v. *Chapin*, 121 Mich. 675. These opinions justify the course taken by the circuit judge.

It is said the law is unconstitutional because it takes the property of one person and gives it to another without

any compensation.   It is a sufficient answer to this argument to say that the statute recognizes that where one has been damaged by the negligent act of another, compensation should follow.   It is said the statute inflicts unusual punishment, and for that reason is in violation of the Constitution.   The legislature recognized for a long time that much mischief is done by the wrongful or negligent use of fire.   It is part of the history of the State that vast portions of it have been devastated by forest fires, resulting in the destruction of much valuable property, and the loss of many lives.   It cannot be said that to one who makes a negligent use of this dangerous element, the statute inflicts an unusual punishment.   The statute has been in existence for 60 years.   It has frequently been before the courts.   We see no adequate reason now for holding it unconstitutional.

It is said the statute is repealed by Act No. 249, Pub. Acts 1903.   That act is entitled:

"An act to provide for the preservation of the forests of this State and for the prevention and suppression of forest and prairie fires."

It nowhere in terms refers to section 11653, 3 ·Comp. Laws, though section 19 does provide:

"All acts and parts of acts inconsistent with this act are hereby repealed."

Section 14, however, provides:

"Nothing in this act shall be construed as affecting any right of action for damages."

It is clear that if it were not for this act the plaintiff would have a right of action for damages under section 11653, 3 Comp. Laws.   Inasmuch as the act provides that its enactment shall not affect any right of action for damages, we think it cannot be said it takes away such right of action.

Judgment is affirmed.

CARPENTER, C. J., and McALVAY, GRANT, and HOOKER, JJ., concurred.