COURTIS *v.* GARRISON.

1. JUSTICES OF THE PEACE—SPECIAL APPEALS—GROUNDS.

In a special appeal from the judgment of a justice of the peace, allegations of error that the court had no jurisdiction, that defendant being a nonresident the case should have been begun by short summons, etc., are too general to require definite answer.

2. SAME—REVIEW IN SUPREME COURT— QUESTIONS CONSIDERED.

On review in this court of a cause originating in justice's court and appealed specially to the circuit court, the point that an unauthorized adjournment was had in justice's court will not be considered, where the affidavit for special appeal does not specifically raise it and the return is silent upon the question.

3. SAME—DEFECTS OF PROCESS—SHORT SUMMONS.

It is error to reverse a judgment of a justice of the peace on special appeal on the ground that defendant being a nonresident the case should have been begun by short summons, where the summons did not show the fact of nonresidence, the defendant did not appear, and at the time the judgment was rendered there was nothing on the record to suggest the fact of nonresidence.

4. SAME—SPECIAL APPEAL—QUESTIONS CONSIDERED.
>   Section 903, 1 Comp. Laws, limits the questions to be reviewed
>   by special appeal from justice's court to those actually de-
>   cided by the justice or reasonably involved in his action.

Error to Wayne; Mandell, J.   Submitted February 12,
1907.   (Docket No. 150.)   Decided April 30, 1907.

Assumpsit in justice's court by William M. Courtis
against Samuel Garrison for services rendered.   There
was judgment for plaintiff, and defendant took a special
appeal to the circuit court.   There was judgment for de-
fendant, and plaintiff brings error.   Reversed.

*Sloman & Sloman*, for appellant.

*Manchester & Prentis*, for appellee.

MONTGOMERY, J.   Plaintiff brought suit against de-
fendant in the justice's court of the city of Detroit, and
on March 31, 1905, recovered a judgment of $190 dam-
ages and $1.75 costs.   The action was commenced by a
long summons, and defendant was duly served, as shown
by the officer's return and the admissions of the defend-
ant.

Defendant filed a special appeal to the circuit court, set-
ting up the following grounds therefor:

"1. That said justice erred in rendering said judgment
on said 31st day of March, A. D. 1905, because he had no
jurisdiction to render said judgment at that time.

"2. That said justice erred in entertaining and trying
said case, the summons issued in said cause being return-
able more than six days from the date thereof, and affiant
being a nonresident of the county of Wayne and State of
Michigan, and the law of Michigan requiring a summons
issued against a nonresident to be made returnable not
less than two nor more than six days from the date
thereof.

"3. Because affiant being a nonresident of said Wayne
county, Mich., said case should have been commenced by
short summons instead of by a long summons.

"4. Because said deputy sheriff, Frank G. Curtis,

had no right or authority to accept plaintiff's declaration in said case on said March 24, A. D. 1905.

"5. Because said justice, Felix A. Lemkie, had no jurisdiction to render any judgment in said cause or to do any act with regard to said case upon said 31st day of March, A. D. 1905, except to dismiss said case."

The justice's return to the special appeal answers the second point as follows:

"To the second allegation of error, I return that there was nothing on the face of the summons (of which I hereto attach a copy) to show that the defendant was a nonresident of the county of Wayne, and, as the defendant did not appear, and no objection on that ground being made, so that an issue of fact might be framed and tried, and no showing being made before me of such nonresidence, I had no alternative but proceed to the trial of said cause and render judgment as herein stated."

The other allegations of error are obviously too general to call for definite answer.

It is true defendant's counsel seek to make the point in this court that an unauthorized adjournment was had, but no one reading this affidavit would have been led to consider this point, and the return is silent upon the question.

The question which it would seem controlled at the circuit was that presented by the second assignment of error. The judgment of the justice of the peace was reversed, and the plaintiff brings error.

The statute (1 Comp. Laws, § 903) permits the party appealing from a judgment in justice's court to raise by special appeal any objection to the process, pleadings, or proceedings, and to the decision of the justice thereon, which would not be allowed to be made on the trial of the appeal. In the present case the return of the justice does not affirmatively show that the defendant is a nonresident. On the other hand, it shows affirmatively that, when the decision of the justice was made, there was nothing on the record to suggest that such was the fact. It is clear that the purpose of the special appeal is to enable the ap-

pellant to have reviewed the *decision of the justice* upon the questions covered by the special appeal. The justice may be called upon to make a decision of a question which may be thus reviewable when the point is not distinctly made before him where a defect of jurisdiction appears of record. *Wright* v. *Russell,* 19 Mich. 346; *E. S. Knowles & Son* v. *Cavanaugh,* 144 Mich. 260. But the statute plainly limits the questions to be reviewed by special appeal to those actually decided by the justice or reasonably involved in his action. *Lymburner* v. *Jenkinson,* 50 Mich. 488. The defendant does not prove error by an affidavit, and there is no provision for framing an issue to have a determination of facts not within the knowledge of the justice or established by his return. See case last cited. There was error in reversing the justice's judgment on this ground.

The judgment of the circuit court is reversed, with costs of this court, and an attorney's fee at the circuit as for a trial of an issue of law, and the case is remanded for trial upon the general appeal.

McAlvay, C. J., and Carpenter, Grant, and Blair, JJ., concurred.