## OSBORNE *v.* OSBORNE.

1. JUSTICES OF THE PEACE—SPECIAL APPEALS—GROUNDS—SUFFICIENCY.

    In a special appeal from the judgment of a justice of the peace, allegations that the justice was without jurisdiction, and that said justice erred in rendering a judgment in said cause, are too general to be considered.

2. SAME—PROCESS—AMENDMENTS.

    Where an action in justice's court was brought by the guardian of an incompetent in his own name, the justice might allow an amendment to the summons so as to show that the action was brought by the incompetent by his guardian.

3. SAME—APPEAL—RECORD—CONCLUSIVENESS.

    Where the affidavit for special appeal from a justice's judgment asserted that judgment was rendered against appellants "William Osborne and Fred Williams," and that they were the parties making the appeal, and they made no complaint of the form of the judgment entry in the justice's court, and the attention of the circuit court was not called to any discrepancy between the names of the parties as they appeared in the justice's court and as they appeared in the circuit court, appellants were estopped from asserting that the judgment appealed from was in fact obtained against "John W. Osgood and Fred Williams."

Error to Lenawee; Chester, J. Submitted February 24, 1909. (Docket No. 31.) Decided April 24, 1909.

Trespass quare clausum fregit, in justice's court, by Margaret G. Osborne and another against William Osborne and another. There was judgment for plaintiffs, and defendants took a special appeal to the circuit court. There was judgment for plaintiffs, and defendants bring error. Affirmed.

*Bird & Sampson*, for appellants.

*Smith, Baldwin & Alexander*, for appellees.

MONTGOMERY, J. This action was commenced in justice's court to recover damages for trespass to real estate. On appeal to the circuit, judgment passed in favor of the plaintiffs, and the defendants bring error.

In the defendants' brief, two reasons are urged for setting aside the judgment of the circuit court: *First*, because the justice allowed an amendment of process and pleadings which he had no power to allow, and thereby lost jurisdiction of the case; *second*, because judgment was rendered in justice's court against John W. Osgood and Fred Williams, and in the circuit court against John W. Osborne and Fred Williams. The defendants took no part in the trial, but chose to rest their case upon the alleged error of the circuit judge in overruling the objections taken by defendants in their special appeal. The affidavit for special appeal stated the specific grounds of error as follows:

"(1) That the said justice never obtained any jurisdiction over the persons of the defendants in said cause.

"(2) That the said justice erred in deciding that he had jurisdiction in said cause.

"(3) Because said John W. Osborne was not named as plaintiff in said summons.

"(4) Because John McClennahan could not begin suit as guardian or administrator of John Osborne in his own name.

"(5) Because said justice erred in permitting said summons to be amended, if the same was amended.

"(6) That said justice had no jurisdiction to render a judgment in said cause.

"(7) Because said justice had no power to make the amendment in the names of the parties which was asked for and allowed."

The return of the justice showed that after the service of the summons he permitted the summons in the case to be amended so that the names of the plaintiffs should read:

"Margaret G. Osborne and John W. Osborne, an incompetent person, by his guardian, John McClennahan."

In the brief of appellants' counsel, the effect of the amendments allowed by the justice is said to be: (*a*) It permitted the name of the ward to be substituted as plaintiff and the guardian as the representative; (*b*) it changed the word "administrator" to the word "guardian;" (*c*) it changed the name of "John W. Osgood" to "John W. Osborne." The brief proceeds:

"The changes which were brought about in '*a*' and '*b*' were probably within the power of the justice to permit, but the change brought about in '*c*' was not within his power, because that was a substitution of parties."

It is clear that the allegations of error contained in the special appeal are, with the exception of the third, fourth, fifth, and seventh, too general. See *Courtis* v. *Garrison*, 148 Mich. 226.

The affidavit for special appeal does not state the contents of the summons, but the inference to be drawn from the fourth allegation of error is that what was meant by the third allegation to be averred was that the name of John W. Osborne did not appear as plaintiff, but that the name of John McClennahan, as guardian of John W. Osborne, did. The averment that the justice had no power to allow the amendment in the names of the parties is in the most general terms and does not enlarge the allegations Nos. 4 and 5 substantially. The only question

that it raises is the question of power to make the amendment. No reference is made to the time or the circumstances under which the amendment is made. Therefore, if there was power to make the amendment, the objection is without force. This power is apparently conceded in the brief of appellants' counsel, unless he is in a position to assert that the name of John W. Osgood was the name in which the suit was brought. There is nothing in the affidavit for special appeal to indicate this. On the contrary, the assignments of error in the affidavit clearly indicate that the suit was brought by John McClennahan as the guardian or administrator of John Osborne in his own name. It is true that a copy of the docket appears in the record, which shows the name entered upon the docket as "John W. Osgood," and also shows the names of the defendants as "William Osgood" and "Fred Williams;" but no such discrepancy appears to have been called to the attention of the trial court. It was not raised by the special appeal, and, what is more, the motion to dismiss—which it may be said was not referred to in the affidavit for special appeal—which was filed in justice's court, states that the suit purports to be brought by the guardian of John W. Osborne, and there is no authority in law for them to institute suits in their own names as guardians. The return to the special appeal is also entitled, as is the affidavit for appeal, in the name of "Osborne" and against "William Osborne" and "Fred Williams." The circuit court was not therefore called upon to rule upon the question of whether there was error in the justice's docket or whether there had been a change in the names of the parties, for no such question is presented by the special appeal.

The same thing may be said in answer to defendants' contention that there was error in entering judgment against different parties from those appearing on the docket of the justice. The affidavit for special appeal asserts that judgment was rendered against William Osborne and Fred Williams, and they are the parties who

make the appeal to the circuit court and against whom the proceedings there are had.    They made no complaint of the form of the judgment entry in justice's court.    It was a judgment entry against them for the purposes of appeal at least.    The attention of the circuit court appears not to have been called to any discrepancy between the names of the parties as they appeared in the justice's court and as they appeared in the circuit.    The defendants are estopped from asserting that the appeal which they brought to relieve themselves from a judgment obtained against John W. Osborne and Fred Williams was in fact obtained against John W. Osgood and Fred Williams.    The appeal refers to no such case, the return of the justice refers to no such case, and, so far as this record shows, no such case was ever heard or heard of by the circuit judge.

The judgment is affirmed.

BLAIR, C. J., and GRANT, OSTRANDER, and HOOKER, JJ., concurred.