MINK *v.* GRAND RAPIDS, GRAND HAVEN & MUSKEGON RAILWAY CO.

1. APPEAL AND ERROR — CONFLICTING TESTIMONY — OVERWHELMING WEIGHT OF EVIDENCE.

Where the testimony was very conflicting, and the court below refused to grant a new trial on the ground that the verdict was contrary to the overwhelming weight of the evidence, this court will not reverse the judgment, on error, for the same reason.

2. FIRES—RAILROADS—DOUBLE DAMAGES—STATUTES.

Where the jury, by its answers to special questions, found that defendant railway company set a fire on its right of way and carelessly and negligently allowed it to spread to plaintiff's premises, the action of the trial court in doubling the verdict under the provisions of section 11653, 3 Comp. Laws (3 Comp. Laws 1915, § 15424) was justified.[1]

[1]On the question of liability of railroad for setting fires which spread to property of others, see note in 21 L. R. A. 262; 36 L. R. A. (N. S.) 194; 45 L. R. A. (N. S.) 216.

Error to Ottawa; Cross, J. Submitted October 25, 1916. (Docket No. 110.) Decided December 22, 1916.

Case by Ralph Mink against the Grand Rapids, Grand Haven & Muskegon Railway Company for the negligent setting of fires which spread upon plaintiff's land. Judgment for plaintiff. Defendant brings error. Affirmed.

*Carroll, Kirwin & Hollway,* for appellant.

*Smedley & Linsey,* for appellee.

MOORE, J. Plaintiff is the owner oi 80 acres of land through which defendant's railway runs. This suit is brought to recover damages for injury done to the plaintiff's land and other property by reason of a fire. From a judgment in favor of the plaintiff the case is brought here by writ of error.

Plaintiff claims that section men employed by defendant were burning brush and other rubbish upon defendant's right of way; that near the place where the men were burning the brush the land adjoining was covered with a tall, dry marsh grass which was very inflammable and was within a very few feet of where said section men were burning said brush; that said fire spread into this long marsh grass which almost immediately ran upon plaintiff's land, and burned large holes in his muck ground, about 2 acres of his meadow, about 5 acres of his wood lot, a portion of his fences and other property, and as a result he suffered substantial damages. Plaintiff asserts that at the time of the setting of the fire there had been a long dry spell; that after the starting of the fire the section men took no reasonable precaution to prevent its spreading to the adjoining premises and from there to plaintiff's land; that because of the conditions it was negligence on the part of the section men to set a fire and

thereby cause plaintiff to suffer damage; that said section men after setting the fire carelessly and negligently allowed the fire to spread to the adjoining premises which communicated from there to plaintiff's premises.

The defendant claims that its men did not set the fire that burned over the land of the plaintiff. Defendant claims that the fire originated in a swamp north of their right of way, and that the fire spread upon the lands of Mr. Falls, upon the plaintiff's land, and upon the right of way of the defendant from there.

Defendant claims that, as soon as it discovered that the fire was spreading from the swamp north of its right of way towards the right of way of the defendant, its section men did all they could to protect the right of way of the defendant and the property of others. Defendant claims that its section men went to the home of the plaintiff and tried to get him to assist them in stopping the fire by taking his team and assisting in stopping the spread of the fire; that had the plaintiff assisted them they could have prevented the fire from spreading upon plaintiff's land. They claim that plaintiff was guilty of negligence in not assisting the section men to prevent the spread of the fire, and that any damage suffered by the plaintiff was due to his own negligence and not to any negligence of the defendant.

The following special questions which were answered were submitted to the jury:

"(1) Did the defendant carelessly and negligently set a fire on its right of way on the afternoon of August 26th as claimed by plaintiff?

"A. Yes.

"(2) Did the plaintiff carelessly and negligently allow said fire to spread and pass from its right of way as claimed by the plaintiff?

"A. Yes."

The jury returned a verdict of $570 in favor of the plaintiff. The court upon motion doubled the amount thereof under the statute upon which suit was brought. The judgment amounts to $1,140.

Error is assigned upon the admission of certain testimony. We shall content ourselves with saying of this assignment that we think it not well taken. We quote from the brief of counsel:

"One of the grounds of the defendant's motion for a new trial was that the verdict is against the weight of the evidence, and was not supported by a fair preponderance of the evidence in the cause, and it is upon this assignment of error that chief reliance is had in asking for a reversal of this cause."

This assignment of error involves an examination of the entire record. The trial judge in overruling the motion for a new trial expressed himself as of the opinion that the verdict was not against the weight of the evidence.

The testimony was very conflicting. The question of fact was submitted in a fair charge. We are not able to say, after a careful reading of the testimony, that the verdict should be set aside because of the weight of testimony. Especially should we hesitate to do this when the trial judge who saw and heard the witnesses declined to grant a new trial for that reason.

In *Krouse* v. *Railway,* 170 Mich. 438 (136 N. W. 434), the following language was used:

"The court will only interfere when a verdict is so manifestly contrary to the overwhelming weight of evidence and so palpably wrong as to force the conviction that it was the result of either passion or prejudice or a dense incapacity to analyze testimony and discern the truth."

This language was quoted with approval in *Silverstone* v. *Assurance Corp.,* 187 Mich. 333 (153 N. W.

802). See the many cases cited in the above opinions.

The only remaining question of importance is, Was there error in doubling the verdict? Counsel for appellee assert that this motion was not objected to. The record does not disclose any objection. It was not stated to the circuit judge, as one of the reasons why a new trial should be granted. The defendant did not give any evidence upon the question of damages. The plaintiff gave some evidence that it reached upwards of $1,500. The answers to the special questions and the language of section 11653, 3 Comp. Laws (3 Comp. Laws 1915, § 15424), justify the action of the circuit judge. See *Allen* v. *Bainbridge*, 145 Mich. 366 (108 N. W. 732), and the cases cited therein.

Judgment is affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.