### WOLF *v.* COHEN.

1. Appearance—General Appeal Amounts to General Appearance—Circuit Court Commissioners.

   General appeal to circuit court from judgment in summary proceedings before circuit court commissioner was in effect general appearance and conferred jurisdiction on said court.

2. Justices of Peace—Circuit Court Commissioners—Appeals.

   Statute providing for appeals from justice's court governs appeals from circuit court commissioner (3 Comp. Laws 1929, § 14987).

3. Same—Special Appeals—Objections to Jurisdiction Must be Set Forth.

   In special appeal from judgment in justice's court, objections to jurisdiction must be specifically set forth in affidavit (3 Comp. Laws 1929, § 16224); if stated too generally they will not be considered by appellate court.

4. Circuit Court Commissioners—Appeals—Objections to Juris-
   diction Must be Stated.

   Where, on special appeal from judgment in summary proceed-
   ings before circuit court commissioner, affidavit on which
   appeal was based did not allege errors in proceedings before
   commissioner, but was general, relating only to judgment on
   merits and stating no objections to jurisdiction, there was
   nothing before appellate court except retrial of case on its
   merits (3 Comp. Laws 1929, §§ 14987, 16224).

Error to Oakland; Doty (Frank L.), J. Sub-
mitted January 14, 1931. (Docket No. 139, Calen-
dar No. 34,968.) Decided April 7, 1931.

Summary proceedings by Ernest P. Wolf and
another against Maurice Cohen to recover posses-
sion of land. Circuit court commissioner rendered
judgment for plaintiffs. Defendant appealed to cir-
cuit court. Judgment affirmed. Defendant brings
error. Affirmed.

*David C. Pence,* for plaintiffs.

*Benjamin B. Gordon,* for defendant.

McDonald, J. The defendant has brought error
to review a circuit court judgment in an action of
summary proceedings for the restitution of certain
premises.

The only question involved is the jurisdiction of
the court. There was no personal service of the
summons issued by the circuit court commissioner.
Where personal service is not obtained, Act No. 257,
Pub. Acts 1925 (3 Comp. Laws 1929, § 14978), pro-
vides for the publication of an order for appear-
ance and the mailing of a copy thereof by registered
mail to the defendant's last known place of resi-
dence. It also provides for proof of mailing by affi-
davit to which shall be attached a return receipt

if one has been received. In this case no receipt was attached to the affidavit, and it is not stated that one was received. Because of this defect in the affidavit, the defendant appeared specially before the circuit court commissioner and moved to dismiss for lack of jurisdiction. The motion was denied and from the judgment entered the defendant took a general and special appeal to the circuit court. There the motion was renewed and denied. No defense to the merits was offered, and judgment was entered for the plaintiffs.

The general appeal to the circuit court was in effect a general appearance and conferred jurisdiction. *Lapham* v. *Tarabusi,* 247 Mich. 380.

The statute providing for appeals from the justice's court governs appeals from a circuit court commissioner. 3 Comp. Laws 1915, § 13252 (3 Comp. Laws 1929, § 14987).

In a special appeal from the judgment of a justice's court, objections to jurisdiction must be specifically set forth in the affidavit. If stated too generally, they will not be considered by the appellate court; *Osborne* v. *Osborne,* 156 Mich. 413; 3 Comp. Laws 1915, § 14402 (3 Comp. Laws 1929, § 16224).

In the instant case, the affidavit on which the special appeal is based does not allege any errors in the proceedings before the commissioner. It is general and relates only to the judgment on the merits. No objections to the jurisdiction were stated. There was nothing before the appellate court except a retrial of the case on its merits.

The judgment is affirmed, with costs to the plaintiffs.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.