MILLER *v.* SUTRO BROS. & CO.

1. APPEAL AND ERROR—WAYNE CIRCUIT COURT—COURT RULES.
    Appeals from lower tribunals to the circuit court of Wayne
    county which has a population in excess of 500,000 are con-
    trolled by Court Rules Nos. 75 and 76 (1933).

2. SAME—GENERAL APPEAL—COURT RULES.
    Claim of appeal from court of common pleas to circuit court of
    Wayne county perfected in accordance with Court Rule No. 76,
    § 5 (1933), was a general appeal where supporting affidavit
    did not conform to sections 6 and 7 of same rule relative to
    special appeals in that the proceedings in lower court were not
    set forth with such particularity as to disclose the manner in
    which question of law arose and merits of appellant's claim
    (3 Comp. Laws 1929, § 16224).

3. SAME—GENERAL APPEAL—JURISDICTION OF THE PERSON.
    Taking a general appeal from justice court to circuit court con-
    stitutes a general appearance in latter court and confers juris-
    diction of the person of appellant regardless of the fact that
    lower court may not have acquired jurisdiction.

Appeal from Wayne; Boyne (John A.), J., pre-
siding. Submitted April 13, 1934. (Docket No. 104,
Calendar No. 37,604.) Decided June 4, 1934.

Action in common pleas court of Detroit by Rubin
Miller against Sutro Bros. & Co., a limited partner-
ship. Judgment for plaintiff. Defendant appealed
to circuit court. From order quashing summons,
plaintiff appeals. Reversed and remanded.

*Lewis Daniels* (*Harry H. Platt,* of counsel), for
plaintiff.

*Bulkley, Ledyard, Dickinson & Wright,* for de-
fendant.

NORTH, J. Plaintiff herein instituted suit in the
common pleas court of Detroit against the defend-

ant, a limited partnership. Defendant entered a special appearance and moved to quash the summons on the ground that valid service had not been obtained. This latter claim was based upon the fact that service was obtained upon the resident manager of defendant's Detroit office and not upon any of the individual members of the firm, all of whom resided in the State of New York. The motion to quash was denied. Defendant took no further part in the proceedings in the common pleas court, and plaintiff had judgment by default. Thereupon defendant filed a claim of appeal to which was attached an affidavit of its attorney stating "that such judgment is not in accordance with the just rights of said defendant and appellant as this deponent verily believes, and that Sutro Bros. & Co. conceive themselves aggrieved thereby and appeal therefrom." After plaintiff entered his appearance in the circuit court defendant renewed its motion to quash the summons on the ground of invalidity of service. On hearing of the motion plaintiff contended that defendant had brought the case to the circuit court by claim of a general appeal, that this was tantamount to entering a general appearance in the case, and waived all defects in service of process. The circuit judge overruled plaintiff's contention and dismissed the suit.

If plaintiff's contention just above noted is correct, decision to that effect would be controlling and it becomes unimportant whether the service of process obtained was good or bad.

It should be noted that appeals from lower tribunals to the circuit court of Wayne county, that county having a population in excess of 500,000, are controlled by Court Rules Nos. 75 and 76 (1933). Section 5 of Rule No. 76 sets forth the form of a

claim of general appeal from the court of common pleas to the circuit court. The procedure adopted by the defendant in perfecting its appeal to the circuit court was in accordance with this section. Clearly it was a general appeal. The affidavit filed in support of the appeal did not conform to the requirements of sections six and seven of the rule which are applicable to cases wherein questions formerly reviewed on certiorari or by special appeal (3 Comp. Laws 1929, § 16224) are sought to be reviewed in the circuit court. In such cases, as formerly on special appeal, it is necessary to set forth plainly and with particularity so much of the proceedings in the lower court as will disclose the manner in which the particular question of law sought to be reviewed arose and the merits of the claim of the appellant. *Courtis* v. *Garrison,* 148 Mich. 226; *Osborne* v. *Osborne,* 156 Mich. 413; *Wright* v. *Russell,* 19 Mich. 346. Nothing of that character appears in this record, hence the appeal to the circuit court must be held to be a general appeal only. Taking a general appeal from the justice court to the circuit court constitutes a general appearance in the circuit court and confers jurisdiction of the person, regardless of whether the court from which the appeal was taken had acquired jurisdiction of the person. *Lapham* v. *Tarabusi,* 247 Mich. 380; *Wolf* v. *Cohen,* 253 Mich. 691; *Heap* v. *Heap,* 258 Mich. 250.

It follows that the order of the circuit judge dismissing the cause must be set aside, and trial in the circuit court had upon the merits. The case will be remanded to the circuit court for that purpose. Costs to appellant.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.