## HOFFMAN *v.* GOULD.

1. JUSTICES OF THE PEACE—APPEAL AND ERROR—GENERAL APPEAL
   TO CIRCUIT COURT—WAIVER OF DEFECTS IN PROCESS.
   By taking a general appeal from justice's court to circuit court,
   defendant waives all objections to the process and its service.

2. APPEAL AND ERROR—JURISDICTION—LEAVE TO APPEAL—WAIVER OF
   DEFECTS IN PROCESS.
   In action of assumpsit begun in justice's court in which defend-
   ant took a general appeal to circuit court, by failing to state
   alleged defects in process in affidavit, and thereafter moved to
   dismiss on jurisdictional grounds, leave to appeal to Supreme
   Court, in petition for which only a question as to defective
   process was raised, should have been denied since by taking a
   general appeal to circuit court, defendants conferred jurisdic-
   tion of the person upon that court and thereby left no ground,
   stated in their petition, for allowing appeal to Supreme Court
   (3 Comp. Laws 1929, § 16224).

3. COSTS—DISMISSAL OF APPEAL—DELAY.
   Upon dismissal of appeal for lack of a reviewable question, no
   costs are awarded appellee who failed to file an answer to
   original application for leave to appeal and then delayed
   filing motion to dismiss appeal until after bill of exceptions
   was settled and record and briefs were printed.

Appeal from Kent; Verdier (Leonard D.), J.
Submitted October 29, 1935. (Docket No. 105, Cal-
endar No. 38,478.) Decided November 12, 1935.

Assumpsit in justice's court by Charles Hoffman
against Charles N. Gould, doing business as C. Gould
& Son and The American Pearl Button Company, an
Iowa corporation, to recover for goods sold defend-
ants. Judgment for plaintiff. Defendants appealed

to circuit court. Judgment for plaintiff. Defendants appeal. Appeal dismissed.

*Linsey, Shivel & Phelps* (*John H. Vander Wal,* of counsel), for plaintiff.

*Thomas D. Anderson,* for defendants.

BUTZEL, J. Charles Hoffman recovered a judgment of $118.38 and costs in the justice's court of Grand Rapids against Charles N. Gould, doing business as C. Gould & Son and the American Pearl Button Company, an Iowa corporation. Defendants appealed to the circuit court where on February 25, 1935, a judgment of $83.90 and costs was rendered against the defendants. A 20-day stay was ordered. On March 15, 1935, the time to settle the bill of exceptions was extended 60 days, but the journal entry contained no further stay of proceedings although the calendar entry indicates such a stay. No stay bond was given. On April 11, 1935, an application for leave to appeal, but not for a delayed appeal, was filed in this court. The affidavit attached to the petition indicates that the delay was due to the inability of appellants' attorney to get in touch with his clients, as well as his uncertainty as to whether he should not have asked for a delayed appeal. The petition to appeal to this court presented the question of whether a long or short summons should have been issued in beginning an action in which one of the defendants was a foreign corporation, the other being an individual who resides in Michigan; also whether process was properly served. The petition to appeal was allowed by this court solely that we might pass upon the questions involving the construction of statutes. No copy of the appeal from the justice's court to the circuit court was attached

to the petition to appeal to this court. It appears from the record that when defendants appealed from the justice's court to the circuit court, they took a general instead of a special appeal, and the objection to process was not shown by affidavit in accordance with 3 Comp. Laws 1929, § 16224. By taking a general appeal appellants waived all objections to the process and its service. The petition to appeal to this court therefore should have been denied. *Miller* v. *Sutro Bros. & Co.,* 267 Mich. 335. Also, see *Wolf* v. *Cohen,* 253 Mich. 691. This is true notwithstanding a subsequent motion to dismiss in the circuit court.

Plaintiff has now filed a motion to dismiss defendants' appeal to this court on the ground that it was based solely on jurisdictional grounds and further that more than 20 days after the rendition of the judgment and prior to the petition to appeal to this court, an order was entered for payment of the judgment through funds that had been garnisheed and paid into court. This, however, was not a voluntary payment on the part of defendants. We have before us a case involving an amount less than the cost of printing the record and briefs and presentation of the case. It demonstrates the wisdom of the rule that forbids appeals that require consent of this court where the amount of the judgment is less than $500. Appellants should have filed a petition for a delayed appeal instead of for a general appeal. However, in dismissing the appeal, we rest our decision upon the fact that the record shows that the jurisdictional question was waived when appellants took a general and not a special appeal to the circuit court. Without passing upon other errors claimed, there was no ground for allowing the appeal to this court.

The motion to dismiss is granted, but without costs to either party in the main case or on the motion. Appellee owed the duty to this court to file an answer to the original application to appeal with which he had been served. Not having done so and by delaying the filing of the motion to dismiss until after the bill of exceptions was settled and the record and briefs printed, he must stand his share of the cost.

POTTER, C. J., and TOY, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.