## DOMESTIC FINANCE COMPANY v. PURSER.

1. CERTIORARI—WRIT OF SUPERINTENDING CONTROL.
   The writ of certiorari has been superseded by the writ of superintending control (GCR 1963, 711).

2. APPEAL AND ERROR—MUNICIPAL COURTS—SPECIAL APPEAL—LEAVE TO APPEAL.
   Special appeals from municipal courts to the circuit courts are now provided for by a court rule wherein leave to appeal is required (GCR 1963, 702).

3. SAME—MUNICIPAL COURTS—CLAIM OF APPEAL.
   An appeal from a municipal court to a circuit court is limited to the reasons and grounds for appeal stated in the claim of appeal (GCR 1963, 701).

REFERENCES FOR POINTS IN HEADNOTES
[1]. 14 Am Jur 2d, Certiorari § 1 et seq.
[2] 4 Am Jur 2d, Appeal and Error § 309 et seq.
[3, 4, 5] 5 Am Jur 2d, Appeal and Error § 648 et seq.

4. Judgment—Accelerated Judgment—Jurisdiction—Claim of Appeal.

   Failure to specify claimed jurisdictional objection to judgment of municipal court in the statement of reasons and grounds for appeal precluded using such unstated grounds as a basis for motion for accelerated judgment in the circuit court (GCR 1963, 116.1, 701, 702, 711).

5. Same—Municipal Court—Circuit Court—Accelerated Judgment—Jurisdiction—Claim of Appeal.

   Denial of defendant's motion for accelerated judgment for lack of jurisdiction of municipal court to enter judgment after expiration of 10 days from date case is alleged to have been submitted to it for determination, *held*, proper, where such ground for lack of jurisdiction had not been specified in claim of appeal from the municipal court to the circuit court (GCR 1963, 116.1, 701, 702, 711).

Appeal from Berrien; Hadsell (Philip A.), J. Submitted Division 3 November 3, 1965, at Grand Rapids. (Docket No. 857.) Decided February 9, 1966.

Complaint in the city of St. Joseph municipal court by Domestic Finance Company against Billy Lee Purser and Wanda Purser for damages incurred by the nonpayment of a loan procured by fraud. Judgment for plaintiff. Defendants filed claim of appeal in the Berrien county circuit court. Defendants' motion for accelerated judgment denied. Defendants appeal. Affirmed.

*John V. Russell,* for plaintiff.

*Phillip A. Brown,* for defendants.

Holbrook, P. J. This is an appeal by leave of this Court from a denial by the circuit court of a motion by defendants-appellants for accelerated judgment based on GCR 1963, 116.1, which provides for a judgment dismissing the action when:

"(1) the court lacks *jurisdiction* of the person or property." (Emphasis supplied.)

The facts appear to be as follows: Plaintiff-appellee brought the action in municipal court for the city of St. Joseph against defendants for damages because of the nonpayment of a loan claimed to have been procured by fraud. The return day was June 25, 1964. After proper adjournments, trial was held August 6, 1964, and at its conclusion the municipal judge adjourned the matter for filing of briefs. Defendants' attorney was present and did not object nor did he file a brief. Appellee's attorney duly filed a brief, and on September 24, 1964, the municipal judge rendered judgment in favor of plaintiff and against defendants.

October 9, 1964, defendants filed claim of appeal and stated therein as reasons and grounds for appeal: "(1) that the judgment was contrary to the law and contrary to the great weight of evidence; (2) that the defendants have a meritorious defense to plaintiff's claim."

In the motion for accelerated judgment, defendants stated as reason for relief the following: "1. That the lower court failed to render a judgment and enter the same within 10 days after the cause had been submitted to him for his final decision as required by revised judicature act, section 7115;[*] to-wit: Cause submitted for final decision on August 6, 1964; judgment rendered in favor of plaintiff in the sum of $1,000 damages and $20 costs on September 24, 1964."

The circuit judge ruled that the matter was submitted for final decision to the municipal judge on September 24, 1964, and denied the motion for accelerated judgment.

_____
[*] CLS 1961, § 600.7115 (Stat Ann 1962 Rev § 27A.7115).

The fundamental question presented is, did defendants' claim of appeal *save* the *jurisdictional question* raised on motion for accelerated judgment for dismissal? Prior to GCR 1963 and under the former judicature act, a review of claimed jurisdictional defects occurring in justice or municipal courts was had by two methods: (1) certiorari, CL 1948, § 678.22 (Stat Ann § 27.3502), Court Rule No 43, § 2 (1945). *McOmber* v. *Chapman* (1879), 42 Mich 117; *Harbour* v. *Eldred* (1895), 107 Mich 95; or, (2) special appeal, CL 1948, § 678.1 (Stat Ann § 27.3481), repealed by the revised judicature act, PA 1961, No 236, § 9901 (CLS 1961, § 600.9901 [Stat Ann 1962 Rev § 27A.9901]), effective January 1, 1963 (CLS 1961, § 600.9911 [Stat Ann 1962 Rev § 27A.9911]).

The writ of certiorari has now been superseded by the writ of superintending control as provided in GCR 1963, 711. Special appeals from municipal courts to the circuit court are provided for in GCR 1963, 702, which require leave or consent by order of the circuit court.

The present appeal is governed by GCR 1963, 701, and particularly 701.5(2):

"Contents. The claim of appeal shall designate the order, determination, decision, sentence, action, judgment, or decree appealed from, together with a plain concise statement of the reasons and grounds for appeal, *to which the appeal shall be limited.*" (Emphasis supplied.)

In 3 Honigman and Hawkins, Michigan Court Rules Annotated, p 545, appears the following comment:

"The first basic function of a special appeal was to require, in effect, a specification of error or a statement of reasons and grounds for appeal as to those matters which could not be remedied by a

retrial on the merits in the circuit court. Thus, if jurisdictional objections were not specified in the affidavit on appeal, it was said to be a general appeal which constituted a waiver of jurisdictional defects. *Miller* v. *Sutro Bros. & Co.* (1934), 267 Mich 335. The same function is now served by subrule 701.5 (2), *which limits the appeal to issues stated in the reasons and grounds for appeal.* If jurisdictional defects or other special objections not related to the merits are not specified in the statement of reasons and grounds, *such objections are lost,* not because the appeal is 'general,' thereby resulting in some fictitious 'waiver,' but simply *because the issues were not raised as required by the rules.* If jurisdictional objections and like special matters are specifically stated in the reasons and grounds for appeal, the appellant is entitled to have them passed upon. And if his jurisdictional objections are overruled, the appellate court may proceed to a retrial of any factual issues also raised in the statement of reasons and grounds for appeal, just as the circuit courts formerly went to a trial *de novo* upon overruling the issues raised by a special appeal. See *Fowler* v. *Hyland* (1882), 48 Mich 179; *Benjamin* v. *Dodge* (1883), 50 Mich. 41; *cf. Lymburner* v. *Jenkinson* (1883), 50 Mich 488." (Emphasis supplied.)

Inasmuch as defendants failed to specify the claimed jurisdictional objection in the statement of reasons and grounds for appeal, such objection was lost and could not be the subject of the motion for accelerated judgment.

The circuit judge did not err in denying the motion. Other questions raised need not be considered in view of our decision.

Order denying accelerated judgment affirmed, costs to appellee.

Burns and J. H. Gillis, JJ., concurred.