MATTIE DAVISON v. JAMES DAVISON AND ROSE P. GARDINER, PRINCIPAL DEFENDANTS, AND CHARLES H. JACKSON, OWNER OF LOGS.

*Attachment—Log-lien proceedings—Service—Justices' courts—Certiorari.*

1. The failure of the attaching officer, in a log-lien suit in justice's court, to serve a certified copy of the inventory of the attached property, is fatal to the proceedings, and ousts the justice of jurisdiction; citing *Langtry v. Circuit Judges,* 68 Mich. 451; *White v. Prior,* 88 Id. 647.

2. The justice cannot cure the defect by returning to a writ of *certiorari* issued to review the proceedings that a certified copy of the inventory was served on the defendant, of the justice's own knowledge, and that the officer was allowed to correct his return, no such corrected return appearing in the record.

3. Where the affidavit, writ of attachment, and return of service in a log-lien suit fail to disclose the name of the log-owner, and a party appears as such owner, and is permitted, without objection from the plaintiff, to make a motion to quash the proceedings for want of jurisdiction, the plaintiff cannot thereafter object that the party so appearing made no proof of his ownership.

Error to Clare. (Daboll, J., presiding.) Argued February 16, 1894. Decided April 10, 1894.

Attachment under log-lien law. Defendant log-owner brings error. Reversed, and proceedings quashed. The facts are stated in the opinion.

*C. W. Perry,* for appellant.

*John H. Canfield,* for plaintiff.

GRANT, J. This is a suit in attachment to enforce a

lien upon logs for work and labor under Act No. 229, Laws of 1887. The defendant Jackson, as the owner of the logs, appeared specially before the justice, and moved to quash the writ for several reasons, only one of which it is important to notice, as it is fatal to plaintiff's case. The return of the officer failed to show that a copy of the inventory of the property seized was served upon the principal defendants or upon the owner of the logs, and no reason is shown for failure to make service. Attachment proceedings are purely statutory, and must be substantially followed. Failure to serve a certified copy of the inventory is fatal to the proceeding, and ousts the court of jurisdiction. *Langtry v. Circuit Judges,* 68 Mich. 451; *White v. Prior,* 88 Id. 647. The justice seeks to cure this defect by returning that a certified copy was served on the defendants, of the justice's own knowledge; also, that the officer was allowed to correct the return to the original writ. No corrected return appears in the record. The jurisdiction of the justice must appear upon the face of the proceedings. Cases must be tried and determined upon the papers and the evidence, and not upon any knowledge the justice may have outside of them. A jurisdictional defect cannot be cured by such a return.

It is insisted in behalf of plaintiff that defendant Jackson is not in position to question the regularity of the proceedings, because he introduced no evidence before the justice that he was the owner of the logs. No objection of this character was made before the justice. Neither the affidavit for the attachment nor the writ itself described the property as belonging to the principal defendants, and the writ, in accordance with the statute, directed the officer to serve a copy of it upon the owner of the property, his agent or attorney, if such owner, agent, or attorney be known to him, and residing in the State. The

officer only returns that he seized the property mentioned in the writ. He does not return that the principal defendants are the owners, or that he is unable to ascertain who the owner is. When a party appears in court as the owner of the property seized, and is permitted, without objection from the plaintiff that he is not the owner, to make a motion to quash for lack of jurisdiction, plaintiff cannot be permitted, upon appeal, to say that no proof of ownership was made. If it was not the duty of plaintiff, in her affidavit or writ, to state who was the owner, it was the duty of the officer to ascertain that fact, if he could, to serve the papers as required, and to make return thereof to the court.

Judgment below reversed, and judgment entered in this Court quashing the proceedings.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. LONG, J., did not sit.