E. S. KNOWLES & SON v. CAVANAUGH.

1. REPLEVIN—AFFIDAVIT—WRIT— SUFFICIENCY — NAMES OF PARTIES.

An affidavit and process in replevin by a partnership are not so defective as to oust the justice of jurisdiction, though the names of the partners are not given, where the affidavit, by reference to the mortgage under which plaintiffs claim the property, sufficiently identifies plaintiffs.

2. JUSTICES OF THE PEACE—PLEADINGS — AMENDMENT — STATUTES —EFFECT.

Section 764, 1 Comp. Laws, does not take away from justices of the peace the power of granting amendments which they theretofore possessed, but confers upon parties in justice's court the absolute right to amend the pleadings at any time before they are closed, leaving with the justice the discretionary power to permit amendments after the pleadings are closed which justices possessed before the passage of the statute.

3. SAME—SPECIAL APPEAL—AMENDMENT AT CIRCUIT.
Where defendant in replevin in justice's court appears spec-
ially and moves to dismiss the cause on the ground that the
individual names of the partners composing the plaintiff
firm are not stated in the writ, notwithstanding which judg-
ment on the merits is rendered against him without amend-
ment of the writ or declaration, and defendant takes a special
appeal, the circuit court properly denies plaintiffs' application
to amend at the trial, since if an amendment was necessary
at the circuit, it was equally necessary in justice's court.

4. SAME—STATUTES—APPLICATION.
Sections 918 and 10268, Comp. Laws, authorizing amendments
in circuit court in cases appealed from justices' courts, do not
apply to orders relating to questions properly raised by spec-
ial appeal, but to general appeals only, where the cases are to
be tried upon the merits de novo.

5. PLEADING—DECLARATION—DUPLICITY.
A declaration is bad which combines in one count a declaration
in replevin with one in assumpsit for the balance due on a
promissory note.

6. JUDGMENT—PLEADINGS TO SUSTAIN.
A judgment, following a declaration which attempts to combine
in one count a declaration in replevin with one in assumpsit
on a promissory note, and adjudging plaintiffs entitled to the
possession of the property taken under the writ, and giving
them judgment for the balance due on the note, is void as
without pleadings to support it.

7. JUSTICES OF THE PEACE—SPECIAL APPEAL—AMENDMENTS—VOID
JUDGMENT.
Where the judgment rendered by a justice of the peace is void,
as without a supporting declaration, it is not error for the cir-
cuit court on special appeal to refuse an amendment of the
declaration.

8. SAME—QUESTIONS CONSIDERED.
It is not necessary that objections be made before the justice
in order that they may be raised in an affidavit for special ap-
peal.

Certiorari to Jackson; Parkinson, J. Submitted Feb-
ruary 14, 1906.   (Docket No. 158.)   Decided May 24,
1906.

Replevin by E. S. Knowles & Son, a copartnership, in

justice's court, against William J. Cavanaugh. There was judgment for plaintiffs and defendant took a special appeal to the circuit court. There was an order denying a motion to amend the declaration, and plaintiffs bring certiorari. Affirmed.

*F. A. Lyon*, for appellants.

*D. P. Sagendorph*, for appellee.

BLAIR, J. This is an action of replevin commenced before a justice of the peace. The affidavit for the writ contained, among other things, the following:

"E. S. Knowles & Son, of the township of Moscow, county of Hillsdale, being duly sworn, deposes and says: That he is one of the firm of E. S. Knowles & Son, doing business in the township of Moscow, county of Hillsdale, State of Michigan; that he makes this affidavit for and on behalf of himself and said son; that said E. S. Knowles & Son are entitled to said property by virtue of a certain chattel mortgage given by William J. Cavanaugh to E. S. Knowles & Son."

On the return day, the said E. S. Knowles and his son, Jay Knowles, comprising the firm, appeared before the court with their attorney and declared orally, as follows:

"Wm. J. Cavanaugh, defendant herein, was summoned to answer E. S. Knowles & Son, plaintiffs herein, in a plea of replevin, wherefore the said defendant unlawfully detains certain goods and chattels, the property of said plaintiffs, by virtue of a certain chattel mortgage and note dated May 31, 1904, of the amount of $93 upon which note there appears two indorsements, as follows: One dated October 18, 1904, for $10; and one dated November, 1904, Received by horse, $35, which chattel mortgage being given to secure the payment of said note. The mortgage being read and introduced as evidence upon which the plaintiff dated his claim. Mortgage being due, and after demand of payment of balance due on said note, which was refused by said defendant, the plaintiffs bring the action to recover possession of the property mentioned in said mortgage, and asked judgment for the amount due on note, and interest on same, and costs, at-

torney's fees, and counsel fees, as provided for in said chattel mortgage, and the retention of said property and costs of this suit."

As shown by the justice's return, the defendant appeared specially by attorney and " motioned to dismiss the cause on the following objections: ' Insufficient return of the officer; the copy served on defendant was not certified to, therefore, not a certified copy; also the names as they appear on the writ are not correct, the son's name not being mentioned." The justice rendered judgment in favor of plaintiffs, as follows:

"The court finds the defendant did unlawfully detain said goods and chattels, and assess the damages sustained by the plaintiffs by the unlawful detention of said goods and chattels, fifty-two and thirty-five one-hundredths dollars ($52.35), and costs of three and thirty-five one-hundredths dollars ($3.35), and direct that the plaintiffs may retain the property taken for the purpose of selling same and collecting the above-mentioned damages and costs.

"And on the 29th day of April, 1905, I rendered judgment in favor of E. S. Knowles & Son, plaintiffs, and against the defendant for fifty-two and thirty-five one-hundredths dollars ($52.35), damages, and three and thirty-five one-hundredths dollars ($3.35) costs of suit."

Defendant removed the proceedings to the circuit court by special appeal, relying upon the objections made in justice's court and others set forth in the affidavit for appeal. When the special appeal came on to be heard in the circuit court, plaintiff's counsel, as shown by the return of the circuit judge, asked leave to amend—

"The affidavit, process and other proceedings in said cause so that the individual names of said plaintiffs, namely, Ezra S. Knowles and Jay D. Knowles, copartners, doing business under the firm name and style of E. S. Knowles & Son, should appear therein as such plaintiffs, and also to amend the plaintiffs' declaration so as to properly set forth the said plaintiffs' said cause of action.

"I further certify and return that the said defendant's attorney then and there claimed and contended that said

affidavit, process and other proceedings were fatally defective; that the court had no jurisdiction to hear, try and determine said cause; and that the said circuit court had no jurisdiction to grant or allow said amendments.

" I do hereby further certify and return that I, as said circuit judge, who heard said special appeal, did then and there overrule the motion and request of said plaintiffs' counsel for leave to so amend said affidavit, process and other proceedings in said. cause, and. did then and there grant said special appeal and rendered judgment quashing said affidavit, process and other proceedings and dismissing said cause, for the reason, and only for the reason, that I did not think that I, as said court, had the power to grant said amendments, but stated in open court that if I thought I had such power I would grant such leave to so amend such process, affidavit and other proceedings in said cause."

The plaintiffs have. caused the proceedings to be removed to this court for review upon writ of certiorari.

We do not think that the affidavit and process were so fatally defective as to oust the justice of jurisdiction. The reference to the mortgage in the affidavit sufficiently identified the plaintiffs to authorize the justice to entertain jurisdiction. *Barber* v. *Smith*, 41 Mich. 143; *Emerson* v. *Spring Co.*, 100 Mich. 131; *Stever* v. *Brown*, 119 Mich. 196; *Beattie* v. *Hill*, 60 Mo. 72.

We also think that counsel for appellants have placed the proper construction upon section 764, 1 Comp. Laws. It was not the intention of that statute to take away from the court the power of granting amendments, which it theretofore possessed, but rather to grant to the parties to a cause in justice's court the absolute right to amend the pleadings at any time before they are closed, leaving with the court the discretionary power to permit amendments after the pleadings were closed which it possessed before the passage of the statute. *Phelps Manfg. Co.* v. *Enz*, 19 Conn. 58; *Bennett* v. *Collins*, 52 Conn. 1.

In the case before us, however, the justice was not requested to, nor did he, exercise his discretionary power to allow an amendment stating the names of the partners.

On the contrary, notwithstanding the objection of defendant's attorney which squarely presented the point, plaintiffs' attorney did not ask for an amendment, but asked for judgment on the merits upon the record as it stood, and final judgment was thereupon rendered upon such record. It was not until the special appeal came on for hearing before the circuit court that any request was made for an amendment.

If, as seems to be conceded by appellants' brief, an amendment stating the individual names of the partners was essential to the validity of a judgment for plaintiffs in the circuit court, such an amendment would be equally essential in justice's court and the circuit judge would be justified in denying his authority to allow such amendment. The case before us differs from *Stever* v. *Brown,* supra, in that here there was no plea of the general issue, as in that case, to waive the objection, and if the objection was one that could be raised by special appeal, which we do not determine, it could not be obviated by amendment in the circuit court.

The statutes referred to by appellants as conferring such authority, viz.; sections 918, 1 Comp. Laws, and 10268, 3 Comp. Laws, do not apply to orders relating to questions properly raised by special appeal but to general appeals only, where the case is to be tried upon the merits de novo.

We think, however, that it was clearly necessary for plaintiffs to procure an amendment to their declaration, which sought to combine in one count a declaration in replevin with one in assumpsit for the balance due on a promissory note.

The judgment followed the declaration, and not only found that plaintiffs were entitled to the possession of the property taken on the writ, but gave them judgment for the balance due on the promissory note.

We think that the declaration conferred no jurisdiction to render the judgment. The judgment was void, and the court did not err in holding that he had no power to

allow an amendment. *Loranger* v. *Davidson*, 110 Mich. 605.

While these objections were not made before the justice, they were properly raised in the affidavit for special appeal. *Wright* v. *Russell*, 19 Mich. 346.

The judgment is affirmed, with costs of this court to defendant.

MCALVAY, GRANT, MONTGOMERY, and MOORE, JJ., concurred.