WELLS *v.* UNITED STATES FIDELITY & GUARANTY CO.
OF BALTIMORE, MARYLAND.

1. JUSTICES OF THE PEACE—SUMMONS — NONRESIDENTS — FOREIGN CORPORATIONS.

   A foreign surety company engaged in business in Michigan must be served with a short summons in order to give jurisdiction to a justice of the peace.

2. SAME—FOREIGN CORPORATIONS — RESIDENCE — SERVICE OF PROCESS.

   A surety company licensed by the commissioner of insurance to do business in Michigan is not a resident of every county in which it transacts business, for the purpose of instituting suit under 3 Comp. Laws, § 10442, Act No. 206, Pub. Acts 1901, Act No. 34, Pub. Acts 1903, and Act No. 310, Pub. Acts 1907.

3. SAME—PROCESS—EVIDENCE OF AUTHORITY — COMMISSIONER OF INSURANCE.

   Service of process on the commissioner of insurance is insufficient to confer jurisdiction over a foreign insurance company; without evidence of the due appointment in writing of the insurance commissioner to receive service of process under Act No. 321, Pub. Acts 1907.

4. SAME—APPEALS—RECORD.

   Affidavits of the proper appointment of the insurance commissioner as the lawful agent for service of process, are not admissible in circuit court after a special appeal raising the objection of insufficiency of service.

5. SAME—JURISDICTION.

   The jurisdiction of the justice must appear affirmatively on the face of the proceedings.

6. SAME—AMENDMENT.

   Where a judgment is void on its face for want of jurisdiction over the defendant, no authority subsists in the circuit court to allow an amendment, on a special appeal, to show authority for the service of process on the insurance commissioner, by proof which was not presented in justice's court.

Error to Hillsdale; Chester, J. Submitted February 9, 1910. (Docket No. 19.) Decided March 5, 1910.

Assumpsit in justice's court by Russell O. Wells against the United States Fidelity & Guaranty Company of Baltimore, Maryland, on an indemnity bond. There was judgment for plaintiff, and defendant took a special appeal to the circuit court. A judgment for defendant is reviewed by plaintiff on writ of error. Affirmed.

*Merton Fitzpatrick* and *Wilbur D. Grommon*, for appellant.

*F. A. Lyon*, for appellee.

STONE, J. This is an action of assumpsit brought by plaintiff, a resident of Hillsdale county, against the United States Fidelity & Guaranty Company of Baltimore, Maryland, a foreign corporation. The suit originated in justice's court by summons dated December 16, 1907, and returnable December 28, 1907. The service was had upon the defendant by sending the original summons and two copies thereof, by mail, to the commissioner of insurance, and upon the original summons that officer made the following return:

" I hereby certify that I received through the mail December 19, 1907, two copies of the within justice's summons; one copy has been mailed to defendant company, and the other copy placed on file in this department.
                    " JAMES V. BARRY,
                    " Commissioner of Insurance."

The defendant did not appear before the justice. Judgment was rendered by the justice on December 28, 1907, for $13.46 damages and $2.35 costs of suit against the defendant. On January 2, 1908, the defendant by its attorney took a special appeal to the circuit court.

In the affidavit for appeal numerous errors were alleged, among them being the following:

(1) That the summons should have been a short summons for the reason that the defendant was a nonresident of Hillsdale county and State of Michigan.

(9) There was no such service or proof of service of the

summons by which such suit was commenced as gave the court jurisdiction to hear, try, and determine said cause.

(10) The court had no jurisdiction to hear, try, or determine said cause.

The return of the commissioner of insurance, above set forth, was the only proof of service, or authority of such officer to receive service, produced before the justice. In the circuit court, it was held by the circuit judge that the proceedings before the justice were without jurisdiction, for the reasons that a long summons was issued, and because there was no authority shown, before the justice, for service upon the commissioner of insurance, and judgment was entered for the defendant. The plaintiff excepted to the ruling, and the case is here upon writ of error, error having been assigned upon the rulings and judgment aforesaid.

The statute relating to surety companies (sections 5196 to 5205, 2 Comp. Laws), so far as is material here, provides in section 5198 as follows:

"And if such company be organized under the laws of any other State than this State   *   *   *   it must appoint an attorney in this State on whom process of law can be served, and file in the office of the insurance commissioner a written statement, duly signed and sealed, certifying such appointment and which shall continue until another attorney is substituted."

Section 4 provides:

"That upon production of proof to the insurance commissioner by such company that it possesses the qualifications by this act required and has complied therewith, he shall issue to such company and such of its agents in this State, his certificate that such company is for the ensuing year authorized to become and be accepted as sole surety on all bonds, undertakings and obligations, required or permitted by law, or by the charter, ordinances, rules and regulations of any municipality, board, body, organization or public officer, which said certificate shall be conclusive proof of the solvency and credit of such company for all purposes, and of its right to be accepted as such sole surety and its sufficiency as such."

Section 5200 provides that annual reports of such company shall be filed with the commissioner of insurance, and that he shall thereupon issue a certificate that such company is for the ensuing year authorized to do business.

By Act No. 321 of the Public Acts of 1907, section 5196, 2 Comp. Laws, was amended, and among other amendments the following proviso was added:

" That suits may be commenced in the circuit court in any county where the plaintiff resides, by declaration or writ, and service shall be made in such cases only upon the commissioner of insurance in like manner and with like effect as is provided for the service of process upon societies, orders or associations organized under the laws of any other State, Province or Territory and doing business in this State, and not having its principal office within this State, *and for the purpose of service of process as herein provided such surety company shall appoint in writing the commissioner of insurance, or his successor in office, to be its true and lawful attorney.*"

1. Is the defendant a nonresident of Hillsdale county and State of Michigan ?   It is concededly a foreign corporation, and to ask the above question is to answer it in the affirmative.   The language of our statute (section 719, 1 Comp. Laws) is imperative that where the defendant is a nonresident the summons *shall* be a short summons.   In this case the defendant is a foreign corporation, and is therefore a nonresident, not only of the county, but of the State as well.   The summons should therefore have been a short summons.

It is the contention of the appellant that the defendant, under the law of this State, is a resident of every county in which it does business, for the purposes of litigation. We have looked in vain for such a statute applicable to surety companies, and counsel has not cited us to any. Our attention has been called to the case of *Showen* v. *J. L. Owens Co.*, 158 Mich. 321 (122 N. W. 640), and the provisions of the statutes there considered, being section 10442, 3 Comp. Laws, Act No. 206 of the Public Acts of 1901, and the amendments of 1903 (Act No. 34, Pub. Acts

1903) and 1907 (Act No. 310, Pub. Acts 1907). An examination of the statutes referred to will show that they do not apply to surety companies.

Section 8 of Act No. 310, Pub. Acts 1907, above referred to, expressly provides that:

"The provisions of this act shall not be applicable to such foreign corporations as are permitted to do business in this State by license issued by the commissioner of insurance, or by the State treasurer according to the provisions of law."

We have already quoted the statute requiring the surety companies to procure certificate of license from the commissioner of insurance. The Supreme Court of the United States has on many occasions held that a foreign corporation, admitted to do business in a sister State, is conclusively presumed to be a citizen and resident of the State under which it is incorporated. This question has frequently arisen on a consideration of the right of such corporation to bring suit in the Federal court, or its right to remove a cause from a State court to the Federal court, because of nonresidence. *New York, etc., R. Co.* v. *Estill,* 147 U. S. 591 (13 Sup. Ct. 444); 19 Cyc. p. 1206 *et seq.,* and cases cited; 13 Am. & Eng. Enc. Law (2d Ed.), p. 884, and cases cited. This summons, being a long summons, was void, and gave the justice no jurisdiction.

2. There was no proof before the justice that the commissioner of insurance had any authority to receive service of the summons. If it were to be held that the amendatory act of 1907, referring to suits in the circuit court, applies to suits before a justice, it will be borne in mind that that provision makes it the duty of the surety company to "appoint in writing the commissioner of insurance, or his successor in office, to be its true and lawful attorney," before that officer can accept service of process. It must be held that such an appointment is an essential prerequisite to such authority. It should also be borne in mind that this was a special appeal. In the

circuit court the plaintiff offered proof of the appointment and authority of the commissioner of insurance to accept or receive service of process. This being a special appeal, the hearing in the circuit court, upon the question of jurisdiction of the justice, must be had upon the case as it appeared in justice's court. The jurisdiction of the justice must appear affirmatively upon the face of the proceedings. *Davison* v. *Davison*, 99 Mich. 625 (58 N. W. 637).

The judgment was void on its face, and the circuit court had no right to allow an amendment of the return, or show authority which was not presented in justice's court. *E. S. Knowles & Son* v. *Cavanaugh*, 144 Mich. 260 (107 N. W. 1073).

The judgment of the circuit court was correct, and will be affirmed.

MONTGOMERY, C. J., and MCALVAY, BROOKE, and BLAIR, JJ., concurred.