HOBEN *v.* CITIZENS' TELEPHONE CO.

1. PROCESS—CORPORATIONS—PARTIES—NAME.

The objection that a defendant was not sued under its correct corporate name must be raised by plea in abatement or is waived. 3 Comp. Laws, § 10473 (5 How. Stat. [2d Ed.] § 13518).

2. JUSTICES OF THE PEACE—SERVICE—APPEARANCE—RETURN OF CONSTABLE.

The return of a constable that he served a justice's summons "on the 6th day of May, 1903, on Citizens' Telephone Company, the defendant's agent, by delivering to S. E. H. a copy thereof at," etc., did not confer jurisdiction: it was not made to appear that S. E. H. who was served was defendant's agent; and a special appearance on the return day to move to quash the proceedings did not subject the defendant to the jurisdiction of the court.

3. SAME—AMENDMENTS—PROCESS.

Nor could the jurisdictional defect be aided by amendment. 3 Comp. Laws, §§ 10272, 10273 (5 How. Stat. [2d Ed.] § 12973).

4. SAME—DOCKET.

The jurisdiction of a justice of the peace must appear affirmatively on the face of the proceedings, and jurisdiction of the defendant must be obtained by proper service of legal process where the defendant does not appear and give such service.

5. SAME.

Upon a justice's docket showing that the plaintiff proceeded to trial on the adjourned day without waiting an hour for the defendant to appear, the judgment should be reversed on certiorari.

6. SAME—CERTIORARI—RETURN.

That the testimony of certain witnesses, offered by plaintiff before the justice of the peace, was taken and set out in an affidavit of defendant's attorney for a writ of certiorari, had no tendency to contradict the record which showed a special appearance and no general appearance of the defendant.

Error to Ottawa; Padgham, J.    Submitted June 10, 1913.    (Docket No. 55.)    Decided September 30, 1913.

Case by Carrie E. Hoben in justice's court against the Citizens' Telephone Company for injuries done to certain trees.    Plaintiff obtained a judgment and defendant brought certiorari to the circuit court.    Judgment for plaintiff.    Defendant brings error.    Reversed.

*Cross, Vanderwerp, Foote & Ross,* for appellant.

*Lillie & Osterhous,* for appellee.

McALVAY, J.    This suit was commenced May 2, 1903, by plaintiff in justice's court in Ottawa county by a summons in an action of assumpsit against Citizens' Telephone Company, returnable May 12, 1903. The return shows service on May 6, 1903.

As appears from a certified transcript of the original docket entries, the order of proceedings before the justice was as follows:    On the return day plaintiff appeared and declared orally against defendant in an action of trespass for damages wrongfully done by it to certain shade trees belonging to plaintiff along the highway, describing the premises and giving the town and county.

One of the attorneys for the defendant appeared specially in said cause for the sole purpose of making a motion to quash the summons and to dismiss the suit.    This motion was in writing and for the following reasons:

"(1) The defendant was not sued by its legal name, viz., 'Citizens' Telephone Company, of Muskegon, Mich.'

"(2) The defendant was not a resident of the county of Ottawa, and the suit was commenced by summons made returnable ten days from the date thereof.

"(3) The justice of the peace did not obtain jurisdiction over the defendant in the suit."

This motion was not passed upon at the time, and by request of plaintiff an adjournment was had until May 26th following at 9 o'clock in the forenoon, when the suit was called and the plaintiff appeared. The motion to quash was denied, and plaintiff proceeded to trial. After hearing the evidence in the case, a judgment was rendered in favor of plaintiff for $70 and costs of suit, taxed at $6.04. The docket does not show that on the return day defendant was not present by its representative.

The cause was removed by writ of certiorari, dated July 3, 1903, to the circuit court for Ottawa county, and was submitted to the court in October, 1904, and was not determined by that court until December 20, 1911, when the judgment of the justice's court was affirmed. The case is before this court for review upon a writ of error, and the errors assigned and relied upon are based upon the rulings of the circuit court in affirming the judgment of the justice's court, in overruling the motion made to quash the proceedings and dismiss the case for want of jurisdiction; that the court erred in holding that a judgment could be recovered under the declaration and in holding that the justice did not lose jurisdiction on the return day by adjourning on request of plaintiff, without a showing on oath, and on the adjourned day by not waiting one hour for defendant to appear. These questions, raised on errors assigned, will be considered in the order presented.

Appellant contends that it was not sued by its legal name, which it claims is "Citizens' Telephone Company of Muskegon, Mich." We call attention to section 10473, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13518), which provides:

"In suits or proceedings by or against any corpora-

tion, a mistake in the naming of such corporation shall be pleaded in abatement; and if not so pleaded, shall be deemed to have been waived."

The question could be raised only in the manner pointed out by the statute. No plea in abatement was filed in this case. The irregularity was waived.

It is further contended that the justice of the peace acquired no jurisdiction of the case upon the ground that there was no proper service of the summons upon defendant. The return of service of summons was as follows:

"STATE OF MICHIGAN,
"COUNTY OF OTTAWA—SS.:
"I served the within summons on the 6th day of May, A. D. 1903, on Citizens' Telephone Company, the defendant's agent, by delivering to Sherman E. Hosmer a copy thereof, at the township of Polkton, within said county.
                    "LEON J. IVES,
                        "Deputy Sheriff."

It cannot be said that the fair import of this language is that the summons was served upon Sherman E. Hosmer, the agent of the defendant, or that said Hosmer was the agent of defendant. For this reason the justice did not obtain jurisdiction over the defendant. *Kirby Carpenter Co.* v. *Trombley,* 101 Mich. 447 (59 N. W. 809). The appearance of the defendant upon the return day was a special appearance for the purpose of filing a motion to quash. This appears by the docket entry and return of the justice.

Nor can it be said that this jurisdictional defect was aided by our statute of amendments (sections 10272, 10273, 3 Comp. Laws, 5 How. Stat. [2d Ed.] § 12973). It cannot be held that this defect was one "not being against the right and justice of the matter of the suit," within the meaning of the statute; and therefore cannot be amended in this court. The right

of amendment does not extend to matters of jurisdiction.

The jurisdiction of the justice must appear affirmatively upon the face of the proceedings. *Davison* v. *Davison,* 99 Mich. 625 (58 N. W. 637); *E. S. Knowles & Son* v. *Cavanaugh,* 144 Mich. 260 (107 N. W. 1073); *Wells* v. *Guaranty Co.,* 160 Mich. 213-217 (125 N. W. 57).

It is elementary that jurisdiction of the person of the defendant must be obtained by proper service of legal process, where the defendant does not appear or waive such service. If we are correct in what we have said, it disposes of the case.

But we may add that it appears to us also that there is merit in the ninth assignment of error, which is based upon the ninth allegation of error in the affidavit for certiorari, to wit: That it appears from the docket of the justice that the plaintiff proceeded to the trial of said cause on May 26, 1903, at 9 o'clock in the forenoon, without waiting one hour for the defendant to appear. The docket entry is as follows:

"May 26, 1903, 9 o'clock in the forenoon. Suit called. Plaintiff appears. Motion to quash denied. Plaintiff goes to trial of the cause. William FitzPatrick, John Hoben, and August Bushman sworn.

"After hearing the evidence in the case, I rendered judgment against the defendant and in favor of the plaintiff," etc.

The affidavit for the writ of certiorari was made by John Vanderwerp, as attorney for defendant, in the original suit. He therein states, among other things, that—

"On the 26th day of May, 1903, at 9 o'clock in the forenoon, the plaintiff appeared before said justice, by Walter I. Lillie, her attorney; that the defendant did not appear; that the motion to quash made by said defendant on the 12th day of May, 1903, was denied by said justice, and the plaintiff went to the trial of said cause."

The justice in his return to the writ of certiorari certifies that the proceedings in and trial of said cause and the judgment rendered were in all things as alleged and set forth in the affidavit of John Vanderwerp. So it cannot be said, in the light of this evidence and the return, that defendant appeared on the adjourned day simply because the testimony of the witnesses is set forth in the affidavit for the writ. Defendant's attorneys may have very properly sent their stenographer to take such testimony, and certainly that would not have operated as an appearance in the cause. There is nothing in the record to indicate that the defendant was present or took any part in the trial. We think that the case is squarely within the reasoning of this court in *Bossence* v. *Jones,* 46 Mich. 492 (9 N. W. 531), and *Talbot* v. *Kuhn,* 89 Mich. 30 (50 N. W. 791, 28 Am. St. Rep. 273), and that certiorari is the proper and direct way to raise the question. *Harbour* v. *Eldred,* 107 Mich. 95 (64 N. W. 1054) ; *Miller* v. *Smith,* 115 Mich. 427 (73 N. W. 418, 69 Am. St. Rep. 583).

We think that the justice erred in not waiting one hour for the defendant to appear, and that the circuit court erred in affirming such judgment.

For these errors, the judgment of the circuit court is reversed.

STEERE, C. J., and MOORE, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.