TACOMA *v.* NYENHUIS.

JUSTICES OF THE PEACE—JURISDICTION—DOCKET.

On certiorari to review the action of the circuit court in setting aside a justice's judgment, where the justice failed to keep a docket and make specified entries thereon, as required by the statute (1 Comp. Laws, § 957, 3 Comp. Laws 1915, § 14451), *held* that the justice was without jurisdiction, and the judgment was properly set aside.

Certiorari to Allegan; Cross, J. Submitted October 16, 1916. (Docket No. 145.) Decided December 22, 1916.

Assumpsit in justice's court by Samuel Tacoma against James Nyenhuis for goods sold and delivered. From a default judgment for plaintiff, defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings certiorari. Affirmed.

*Jarrett N. Clark,* for appellant.

*Clare E. Hoffman,* for appellee.

BROOKE, J. On November 22, 1915, plaintiff secured a default judgment against defendant in the sum of $30 and $3.10 costs. Thereafter defendant took a special appeal to the circuit court.

The justice's return to the circuit court upon said appeal is, in part, as follows:

"The cause was commenced by summons issued on the 13th day of November, 1915, returnable at my office in the township of Saugatuck, in said county, on the 22d day of November, 1915, aforesaid, at 9 o'clock in the forenoon.

"The plaintiff appeared in person and by attorney, J. N. Clark, and declared orally on each and all the

common counts in assumpsit, and especially for a book account. The defendant did not appear, and after waiting one hour, and defendant not appearing, the plea of the general issue was entered by the court for the defendant. The cause was tried by the court. Samuel Tacoma was sworn and testified in his own behalf. That on the 22d day of November, 1915, I forthwith rendered judgment in favor of the plaintiff and against the defendant for the sum of $30 damages and $3.10 costs of suit. * * *

"(1) Said judgment was not on the 24tn day of November, 1915, entered on my docket.

"(2) I had, at the time said affidavit was made before, no written minutes of said judgment.

"(3) At the time of the making of said affidavit, there was not in my office any record of said cause, except the original summons issued thereon and the officer's return thereon. The only evidence that such judgment had been rendered was my verbal statement to that effect.

"(4) My docket did not, at 2:30 p. m., on the 24th day of November, 1915, contain any statement whatever, showing that such a cause was ever pending before me, said justice, and no entry relating to said cause had ever at that time been made upon my docket or in any separate minutes kept by me of said cause, the whole proceedings being merely verbal. * * *

"In answer to the second error alleged in the affidavit of the said James Nyenhuis, I do return that I have no information as to whether or not I had jurisdiction, but I assumed that I had when I rendered said judgment. In answer to the third alleged error, I return that no security for costs had been given by the said plaintiff and that said plaintiff was a nonresident of the county."

The judgment having been reversed and set aside by the circuit court, plaintiff now reviews that action here by writ of certiorari.

In his return to the writ the learned circuit judge says:

"And I further certify and return that, from the affidavit and the return of the justice submitted on the hearing of said cause, it did not appear that said jus-

tice rendering said judgment had ever entered said judgment or any of the proceedings relating to said cause upon his docket or kept any minutes of any proceedings which may have been pending before him in said cause, and that the question as to whether said suit had been commenced, whether the summons had been personally served, or whether there had been substituted service, or whether the justice had acquired jurisdiction to render a judgment, was not made a matter of record in any form at any time, either at the time said appeal was taken or prior to the making of the return of the said justice, which was made upon the 26th day of November, 1915, or at the time of the hearing of said cause in circuit court.

"I do further return that, from the affidavits on file and from the return of said justice, it appeared that no record whatever, either as to the issuing of the summons, the date of the return, the service of the summons, or of any proceedings had in said cause before said justice, was ever made in the docket of said justice or in any minutes kept by him; and that the whole of the proceedings before said justice with reference to said suit rested in parol.

"I do further return that it appeared from the return of said justice that the plaintiff was a nonresident of the county and that no security for costs had been given by him."

We have lately held (*Hoben* v. *Telephone Co.*, 176 Mich. 596 [142 N. W. 1070]) that the jurisdiction of the justice must appear affirmatively upon the face of the proceedings, citing *Davison* v. *Davison*, 99 Mich. 625 (58 N. W. 637) ; *E. S. Knowles & Son* v. *Cavanaugh*, 144 Mich. 260 (107 N. W. 1073) ; *Wells* v. *Guaranty Co.*, 160 Mich. 213 (125 N. W. 57).

The statute (1 Comp. Laws, § 957, 3 Comp. Laws 1915, § 14451) requires the justice to keep a docket and make certain specified entries therein. It is apparent, from the return of the justice and from the return of the learned circuit judge to the writ of certiorari, that up to the time of the hearing in the circuit court on a special appeal no record whatever

of jurisdictional facts was kept by the justice either in a docket or upon separate memoranda.

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. PERSON, J., did not sit.