Russell v. City of Indianola.

---

C. H. RUSSELL ET AL., APPELLANTS, V. CITY OF INDIANOLA
ET AL., APPELLEES.

FILED NOVEMBER 10, 1920.   No. 21423.

1  **Venue:** SUIT TO CONTEST BOND ELECTION. An action against a city and the mayor and council thereof, the main object and prayer of which is to contest an election held in the city upon a proposition to erect a municipal water supply system, and issue bonds for the purpose of paying for the same, and to enjoin the issuance of such bonds, must be brought in the county where the election is held.

2. **Quære.** Whether such an action may be maintained is not decided.

APPEAL from the district ·court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*J. B. Strode* and *W. R. Starr,* for appellants.

*H. W. Keyes* and *J. F. Cordeal, contra.*

LETTON, J. ·

The object and prayer of the petition is that the city of Indianola, the mayor and members of the city council, and the auditor of the state of Nebraska, be enjoined from issuing, registering or negotiating bonds of that city voted for the purpose of erecting and maintaining a system of municipal waterworks, and that the election, upon the authority of which the bonds are threatened to be issued, be set aside and declared null and void. A temporary injunction was allowed by the district court. A general demurrer to the petition and a motion to dissolve the injunction were sustained, and the action dismissed.

In substance, the petition charges that at the election 309 votes were cast, of which 190 were in favor of the proposition, which was more than the requisite majority; that the mayor and council declared the proposition carried and have taken the necessary steps for registration of the bonds with the state auditor, who will register them unless enjoined. A number of specific allegations as to illegal voters are made; other violations of the election laws are charged; it is also alleged that mistakes were made in the count, and that sufficient legal votes were not cast to carry the proposition.

The district court held that the action was one to contest the election, and that it had no jurisdiction.

In *Thomas v. Franklin,* 42 Neb. 310, *Sebering v. Bastedo,* 48 Neb. 358, and *Barnes v. City of Lincoln,* 85 Neb. 494, it was held that, since the statute relating to contested elections does not authorize a taxpayer or elector to initiate such a contest, it cannot be maintained by him. Appellants contend that, having no remedy by way of contest under the decisions quoted, they are entitled to contest the election in a court of equity. Assuming for the purpose of

the argument, but without deciding, that they are correct in this, does the district court for Lancaster county have jurisdiction over such an action?

The evident purpose is to contest the election. The city of Indianola is made a party defendant, and so also are the city officials. Such an action under sections 7612-7623, Rev. St. 1913, must be brought in the county where the cause of action arose. The auditor of state is in no sense a proper or necessary party to such a proceeding. The relief sought against him is purely ancillary to the main action. Making him a party cannot confer jurisdiction over the defendants who cannot properly be sued in Lancaster county.

There is a conflict in the authorities as to whether, in the absence of a statute, an election of this nature may be contested by a taxpayer in a court of equity. In view of this fact, and of the decisions hereinbefore cited, it would seem that legislation should be had providing an adequate remedy for taxpayers who may be compelled to bear an increased burden of taxation and whose property may be reduced in value by the imposition of taxes authorized by an election carried by means of fraud, or by the use of illegal votes. In our opinion the law relating to election contests should be amended so as to solve all doubt and furnish a speedy and adequate remedy for such wrongs.

AFFIRMED.

DEAN and FLANSBURG, JJ., not sitting.