## ATCHISON, T. & S. F. RY. CO. v. DRAYTON.

(Circuit Court of Appeals, Eighth Circuit. August 3, 1923. Rehearing Denied October 1, 1923.)

### No. 6323.

Courts ⪧274—Jurisdiction; venue of action against foreign corporation under Nebraska statute.

> Under Comp. St. Neb. 1922, § 8562, providing that an action against a foreign corporation "may be brought in any county in which there may be property of, or debts owing to said defendant," and section 8570, providing that, when an action is property brought in any county at plaintiff's request a summons shall be issued to any other county against "one or more of the defendants," which, as construed by the Supreme Court of the state, applies when there is only one defendant, an action in personam against a foreign railroad company may be brought in any county in which defendant has property or credits, and summons may be served in any other county where such service may be legally made.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action at law by J. Fred Drayton against the Atchison, Topeka & Sante Fé Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

E. P. Holmes, of Lincoln, Neb., and William R. Smith, of Topeka, Kan. (Holmes, Chambers & Mann, of Lincoln, Neb., on the brief), for plaintiff in error.

Lyle E. Jackson, of Neligh, Neb., and Webb Rice, of Norfolk, Neb., for defendant in error.

Before STONE and KENYON, Circuit Judges, and TRIEBER, District Judge.

STONE, Circuit Judge. On the ground of diversity of citizenship this case was removed to the federal court and from a judgment for $17,306, this writ of error is sued out by the railway. At the close of all the evidence, each party requested a peremptory charge. The

action of the court in denying the request of the railway and giving that of Drayton has, under the pleadings and evidence in this case and the long-established federal practice, removed from our consideration all errors which are here sought to be presented except the attack upon the jurisdiction of the court.

The petition was filed in Holt county, Neb., and was for the recovery of $5,000 damages because of the negligent handling of a live stock shipment. At the same time, an affidavit in attachment and in garnishment and a præcipe for order of attachment and garnishment and also for personal summons, directed to the sheriff of Nuckolls county, Neb., were filed. Property was seized under the attachment, credits were impounded under the garnishment, and service of summons made upon a proper agent of the railway in Nuckolls county. Thereafter, the amount of damages sought was increased by amendment of the petition. The railway, by motion, attacks the jurisdiction of the court on the ground that it could not be sued, except in Nuckolls county. This position it maintained in subsequent pleadings. The court proceeded on the theory that the action was properly brought in Holt county and that the service of summons in Nuckolls county gave it jurisdiction over the person of plaintiff in error. The judgment entered was in personam, the attachment and garnishment proceedings being, apparently, abandoned. The question thus presented is: Could this suit be properly brought in Holt county (where property and credits of the railway were located) and such personal service be secured in Nuckolls county as to support a judgment in personam?

The material facts are that the railway is a foreign corporation (having its principal office outside the state), which had a line and was doing business nowhere in Nebraska except in Nuckolls county, and that it had property (freight cars) and credits in Holt county. There are no fundamental legal objections to the venue of an action in a state court being in a county, of the same state, different from the county where the defendant resides or may be properly found for personal service. Neither the national nor the Nebraska Constitution contains such inhibition. It is a matter purely and solely for the determination of the state Legislature. Both parties agree that the Nebraska statutes must govern. The Code of Civil Procedure of Nebraska (Compiled Statutes of Nebraska 1922, §§ 8503–9528) sets forth, completely, the procedure in civil cases required in that state. This Code contains 22 chapters. Chapter 4 (sections 8555–8566) contains the venue provisions. Chapter 5, article 1 (sections 8567–8570), governs "Petition and Summons." Chapter 10, entitled "Provisional Remedies," governs attachments and garnishments (sections 8676–8728). The provisions respecting attachments and garnishments need not be examined, because those proceedings were clearly here no basis for jurisdiction of the person, were abandoned and can have no influence or effect upon the question before us. Had the personal service been insufficient and the court attempted to enter a judgment in form and on the basis of the attachment and garnishment, another situation, not present here, would have existed. The statutory provisions with which we are immediately concerned are contained in sections 8560, 8562

and 8670. However, it will aid in construing those sections to bear in mind certain other related provisions.

The first section (section 8555) of chapter 4 provides that actions affecting real estate "shall" be brought in the county where the land is located, except that such actions for trespass or injury thereto "may" be brought against a railway owning or operating a line in the state "in any county where service of summons can be had." The second section (section 8556) deals with the same subject where the land is located in more than one county. The third section (section 8557) provides that specific performance of real estate sale contracts "may" be brought where a defendant resides or, if all defendants are nonresidents, where some part of the land is situated. The fourth section (section 8558) provides that actions for statutory penalties, against public officers and on official bonds "must" be brought in the county "where the cause or some part thereof arose." The fifth section (section 8559), as it existed at the time this suit was filed, provided that action "may" be brought against domestic insurance companies—

"in the county where the cause of action, or some part thereof arose, or in the county where any contract or portion of a contract entered into by such insurance corporation has been violated or is to be performed."

The sixth section (section 8560) provides that:

"An action against a railroad company, or an owner of a line of mail stages or other coaches, for an injury to person or property upon the road or line, or upon a liability as a carrier *may* be brought in any county through or into which the road or line passes."

The seventh section (section 8561) provides that:

"An action other than one of those mentioned in the first three sections of this chapter against a turnpike road company *may* be brought in any county in which any part of the road lies."

The eighth section (section 8562) provides that:

"An action other than one of those mentioned in the first three sections of this chapter, against a nonresident of this state or a foreign corporation *may* be brought in any county in which there may be property of, or debts owing to said defendant, or where said defendant may be found; but if such defendant be a foreign insurance company, the action *may* be brought in any county where the cause, or some part thereof, arose."

The ninth section (section 8563) is the general venue section and provides:

"Every other action *must* be brought in the county in which the defendant or some one of the defendants, resides or may be summoned."

The remaining three sections of this chapter on venue relate to changes of venue and filing of certain judgments. Chapter 5, article 1, governing petition and summons, contains four sections. The first (section 8567) defines commencement of an action to be filing of a petition and issuance of summons. The second section (section 8568) requires, also, filing of præcipe stating names of parties and a demand for issuance of summons. The third section (section 8569) defines the requisites of a summons. The fourth section (section 8570) is that:

"When the action is rightly brought in any county, according to the provisions of this Code a summons shall be issued to any other county, against any one or more of the defendants at the plaintiff's request."

From the above sections concerning venue and section 8570 concerning service, the general plan of venue provided by these statutes seems to be that actions generally *must* be brought in the county where the defendant, or one of them, "resides or may be summoned" (section 8563); that certain actions *must* be brought where the property affected is situated (sections 8555, 8556) or where the cause of action, or some part thereof, arose (section 8558); that certain other actions *may* be brought where a defendant resides or the land is located (section 8557), where a cause of action arose against or a contract was violated by a domestic insurance company (section 8559, as it existed, Rev. St. 1913, § 7616), where a railway or coach line passes (section 8560), where a toll road is (section 8561), where property or credits of a nonresident or of a foreign corporation may be found (section 8562), where an action arose against a foreign insurance company (section 8562), and that when the action is brought in the proper county, as above defined, summons may be served in any other county (section 8570). Thus venue, in some instances, is restrictive (Russell v. Indianola, 105 Neb. 207, 179 N. W. 927; Rakow v. Tate, 93 Neb. 198, 140 N. W. 162; Johnson v. Samuelson, 82 Neb. 201, 117 N. W. 470, 130 Am. St. Rep. 666; Kyd v. Bank, 56 Neb. 557, 76 N. W. 1058) and in others permissive (Clark v. Insurance Co., 96 Neb. 381, 147 N. W. 1118). Residence or service in the county is not always necessary; also, differences based on nonresidence in the state and upon foreign corporations are made. Again, ample provision is made for service in counties other than that where the action is brought. This last provision applies where there is only one defendant (Carter v. Insurance Co., 83 Neb. 810, 120 N. W. 455; Nebraska Mutual Hail Insurance Co. v. Meyers, 66 Neb. 657, 92 N. W. 572) or where no defendant is resident in the county where the suit is brought (Sullivan v. Radzuweit, 82 Neb. 657, 118 N. W. 571; Vennum v. Huston, 38 Neb. 293, 56 N. W. 970; McNee v. Sewell, 14 Neb. 532, 16 N. W. 827). On this point of nonresidence of defendant or defendants in county of venue and service in other counties there are similar decisions on like statutes in other states. Quesenberry v. Association, 44 W. Va. 512, 30 S. E. 73. As applied to nonresidents, see N. Y., etc., Ry. Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. Ed. 292; Reynolds v. Williamson, 68 Kan. 239, 74 Pac. 1122; Fratt v. Wilson, 30 Or. 542, 48 Pac. 356; Ivanusch v. Ry. Co., 26 S. D. 158, 128 N. W. 333; Olson v. Osborne, 30 Minn. 444, 15 N. W. 876; Eichoff v. F. & C. Co., 74 Minn. 139, 76 N. W. 1030.

With these general observations in mind, we pass to the particular contention in this case. Here, the railway was a foreign corporation. It was also a nonresident within the meaning of the venue statutes. Ex parte Schollenberger, 96 U. S. 369, 377, 24 L. Ed. 853; New York, etc., Ry. Co. v. Estill, 147 U. S. 591, 610, 13 Sup. Ct. 444, 37 L. Ed. 292; Myers v. Murray (C. C.) 43 Fed. 695, 11 L. R. A. 216; Estill v. N. Y., etc., Ry. Co. (C. C.) 41 Fed. 849; Dinzy v. Ry. Co. (C. C.)

61 Fed. 49; Wells v. U. S. F., etc., Co., 160 Mich. 213, 125 N. W. 57; Stone v. Travelers' Insurance Co., 78 Mo. 655. It had both property and credits within Holt county at the time this action was commenced. It was, therefore, squarely within section 8562 and might be sued there, unless section 8560 required that railways, even though foreign corporations and nonresidents, must be sued where some portion of the line was located. The language in section 8560 is not thus restrictive. It reads that actions against "a railroad company  *   *   *  *may* be brought" in any county containing a portion of the line. While "may" is properly construed as "must" under some circumstances, yet that is not its natural meaning. Here we find no basis for construing the language of the legislature other than as usually and naturally understood. In fact, the apparently careful discrimination made by the legislature in the use of the words "may" and "must" in this chapter on venue reveals a distinct purpose to preserve the separate meaning of each. As we find no reason to construe section 8560 as restrictive, the necessary conclusion is that this suit might be brought as provided in section 8562. This was what was done. No question is raised as to the character of the agent upon whom service was made in Nuckolls county to receive personal service binding upon the railway. Section 8570 authorized such service in any county outside of Holt county, where the action was brought. We think the venue was properly laid under section 8562, that personal service was properly made under section 8570 and that full jurisdiction existed to enter a judgment in personam.

The judgment is affirmed.